TEXAS EMPLOYERS' INS. ASS'N v.
UNITED STATES TORPEDO CO.
(No. 7257.)

Court of Civil Appeals of Texas. Austin.
June 27, 1928.

Rehearing Denied July 5, 1928.

Master and servant ⬤⇒383—Texas Employers' Insurance Association cannot reject employer's application to become subscriber on ground that applicant's business is very hazardous (Employers' Liability Act 1913 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]).

, Texas Employers' Insurance Association, having been created by Legislature for specific purpose of carrying out provisions of Employers' Liability Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), thereby becoming an agency for proper administration of such law, it cannot reject application of employer within terms of act to become subscriber, on ground that applicant's business is a very hazardous one.

Appeal from District Court, Travis County; Geo. Calhoun, Judge.

Proceeding by the United States Torpedo Company for a writ of mandamus against the Texas Employers' Insurance Association. Writ granted, and defendant appeals. Affirmed.

Black & Graves, of Austin, for appellant.
B. W. Tipton, of Electra, for appellee.

BLAIR, J. By this proceeding appellee obtained a writ of mandamus against appellant, Texas Employers' Insurance Association, compelling it to issue a policy of insurance in accordance with the terms and provisions of the Workmen's Compensation Act of Texas (Vernon's Ann. Civ. St. 1925, arts. 8306–8309), covering appellee's employees engaged in the business of shooting oil wells by the use of dynamite, nitroglycerine, and other high explosives. Appellant refused to issue the policy, because "it deemed the business a very hazardous one," and the sole question here is whether appellant has the lawful right to select the risks it will cover with insurance. We answer the question in the negative.

The appellant was created by the Legislature for the specific purpose of carrying out the provisions of what is commonly referred to as the Employers' Liability Act of 1913 (Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz), and as an "agency for the proper administration of this law." Middleton v. Texas Power & Light Co., 108 Tex. 96, 185 S. W. 556; City of Dallas v. Tex. Employers' Ins. Ass'n (Tex. Civ. App.) 245 S. W. 946. Appellant admits that it has until recently adhered to the rule announced in these two cases, and has proceeded upon the theory that it was charged with the duty of accepting the application of any qualified "employer" desiring to become a "subscriber" to it, as those terms are employed in the act; but that it has changed its view in this respect since the recent opinion of the Commission of Appeals in the case of City of Tyler v. Tex. Employers' Ins. Ass'n, 288 S. W. 409 (on rehearing [Com. App.] in 294 S. W. 195), in which it is held that appellant is only a private insurance company, engaged in the insurance business on the mutual plan in the same way and with the same effect as any other private insurance company. It is thought by appellant that, if it is only a private corporation engaged in the insurance business, it has and claims the right enjoyed by every such private corporation to exercise judgment in the acceptance of insurance risks. See, also, Tex. Employers' Ass'n v. City of Dallas, 5 S.W.(2d) 614 (Dallas Court of Civil Appeals, March 31, 1928).

The fact that there may or may not be a conflict in the holding of the first two cases cited and the holding of the City of Tyler Case, supra, with reference to whether appellant is a private corporation, is not material to the issue in this case. They all agree that the Legislature created appellant for the specific purpose of carrying out the provisions of the Workmen's Compensation Act, and that in that respect appellant became an "agency for the proper administra-

tion of this law." In fact, appellant would never have been created had such an agency not been needed to effectively administer this law. That being true, the agent is no greater than the law creating it, and must find its powers and duties in this law. It is conceded that the act gave no discretionary powers or functions to appellant with reference to the risks it was to cover with insurance, but that it was compelled to insure any "employer" who desired to become a "subscriber" to it under the terms of the act. It is also agreed that appellee is an "employer" under the terms of the act and entitled to the insurance applied for, but for the contention herein made by appellant, that appellee is deprived of its common-law defenses, in the event of injury or death to one of its employees, and that it is left without any protection unless appellant can be compelled to issue the policy of insurance prayed for.

We therefore conclude that appellant has no legal right to reject appellee's application for insurance, nor to reject the application of any "employer" who meets the requirements and desires to become a "subscriber," as those terms are used in the act; and the judgment of the trial court will be affirmed in all things.

Affirmed.