## HARRIS v. TRADERS' & GENERAL INS. CO.

### No. 2751.

Court of Civil Appeals of Texas. Beaumont.

May 10, 1935.

Rehearing Denied May 15, 1935.

Jno. T. Kitching, of Beaumont, for appellant.

Collins & Farichild, of Lufkin, and Lightfoot & Robertson, of Fort Worth, for appellee.

WALKER, Chief Justice.

This appeal is from an order of the district court of Jasper county, sustaining a general demurrer to appellant's petition. We take the following summary of the petition from appellant's brief:

"Appellant filed this suit against appellee in the district court of Jasper county, Tex., and alleged among other things as follows:

"(1) That appellant was on or about the 11th day of July, 1933, and for some time prior thereto, employed by Brown & Root, Inc., and its subcontractor, Manes & Murphy, working in Jasper county, Tex., upon the public highway;

"(2) That on said date the defendant company carried the workmen's compensation insurance for said Brown & Root, Inc., and its subcontractor, Manes & Murphy;

"(3) That during the year 1922 the plaintiff sustained an injury to his thumb while working for a subscriber and drew 32 weeks' compensation for said injury;

"(4) That on or about the time plaintiff was employed by said Brown & Root, Inc., and its subcontractor, Manes & Murphy, defendant, who carried said compensation insurance, required all such employees to furnish said defendant medical report showing their physical condition;

"(5) That defendant had a rule to the effect that it would request any of such employers, whose employees were insured by the defendant, to discharge such employees who had previously drawn compensation insurance or whose physical condition, as reflected by said medical certificate, was not satisfactory to the defendant;

"(6) That in pursuance of said rule the defendant caused its agent and representative, N. P. Smith, field engineer for defendant company, to write to S. C. Kardell, timekeeper and employee of said Brown & Root, Inc., on the 11th day of July, 1933, to discharge this appellant because said medical certificate reflected that this plaintiff had drawn compensation in 1922; said letter being as follows:

" 'Traders & General Insurance Company
" 'Home Office, Dallas, Texas.
" 'Houston, 7/11/33.
" 'Mr. S. C. Kardell,
" 'Kirbyville, Texas.
" 'Re: Emmet Harris
" 'Dear Mr. Kardell:
" 'Please note on your records that I have disqualified Emmet Harris for the reason he drew 32 weeks compensation for injury received 1922.
" 'If he is on your payroll or any of your sub-contractors payroll I will ask that you get him off at earliest possible date.
" 'Thanking you for your co-operation and with very best wishes I am
" 'Yours truly,
" 'N. P. Smith [Signed].'

"(7) That plaintiff's employment was permanent in its nature and he was earning $3.00 per day, working three days per week and as a result of the loss of such employment plaintiff sustained actual damage in the sum of $468.00; plaintiff alleged $500.00 additional damages as a result of inconvenience, hunger and want of proper clothing resulting directly from the loss of said employment; plaintiff also alleged malice on the part of the defendant in writing said letter and prayed for exemplary damages in the sum of $5,000.00.

"Defendant filed a general demurrer to said petition. Said general demurrer came on for trial on the 9th day of August, 1934 and was by the court sustained, and said cause dismissed, to which action and ruling plaintiff duly and seasonably excepted and gave notice of appeal, and here and now prosecutes this his appeal."

## Opinion.

The petition stated a good cause of action for actual damages. It is now the settled law of this state that Texas Employers' Insurance Association and all private insurance companies writing compensation insurance under the provisions of our Workmen's Compensation Act (Rev. St. 1925, art. 8306 et seq., as amended [Vernon's Ann. Civ. St. art. 8306 et seq.]), are required to accept all risks tendered them; they have no right to select one employer as a suitable risk and write him, and decline to write another employer, qualified under the terms of the Workmen's Compensation Act to carry compensation insurance. Texas Employers' Ins. Ass'n v. U. S. Torpedo Co. (Tex. Com. App.) 26 S.W.(2d) 1057; Southern Casualty Co. v. Freeman (Tex. Civ. App.) 13 S.W.(2d) 148.

Since a compensation insurance carrier is compelled by law to assume the risk upon proper request of a qualified employer, the duty is absolute, and it cannot limit that duty by promulgating any sort of a rule which, in its operation, would limit the discretion of the employer in the selection of his employees or which would disqualify a laborer seeking employment, who, but for the rule, would be qualified to accept and to retain employment. This rule promulgated by appellee limited the subscriber's discretion in the selection of his employees. Appellant was a satisfactory employee, and was discharged only because of the rule. It disqualified appellant to hold a job, giv-

en him by a qualified subscriber, and which, but for the rule, he would have continued to hold.

■ The rule promulgated by appellee was an unlawful interference with appellant's right to labor, and, on the facts alleged in the petition, its enforcement constituted an actionable wrong, making appellee liable to appellant for all damages proximately resulting therefrom. In Brown Hardware Co. v. Indiana Stove Works, 96 Tex. 453, 73 S. W. 800, it was said: "To induce a party to a contract to break it, to the damage of the other party thereto, is an actionable wrong." It is said in 25 Tex. Jur. 31: "One who knowingly induces a party to a contract to break it, to the damage of the other party, commits an actionable wrong for which he may be held liable in damages to the injured party." See, also, Lytle v. Railway Co., 100 Tex. 292, 99 S. W. 396, 10 L. R. A. (N. S.) 437; Raymond v. Yarrington, 96 Tex. 443, 72 S. W. 580, 73 S. W. 800, 62 L. R. A. 962, 97 Am. St. Rep. 914; 6 Tex. Law Rev. 402.

Appellee advances the following propositions in support of its ·judgment, all of which are without merit:

■ (a) The contract of insurance was a tripartite agreement, in which appellee had a vital interest; the letter complained of was based on undisputed facts, and was written by appellee for the protection of its business, and was therefore the exercise of a lawful right. In support of this contention appellee quotes as follows from 15 R. C. L. pp. 87, 88, § 49: "But no recovery can be had for loss of employment due to a letter to an employer where the letter was connected with the business of the writer and was written for the purpose of protecting that business." This proposition relates to voluntary contracts, and has no relation to contracts entered into by compulsion of law, such as a subscriber's contract with his compensation insurance carrier.

■ (b) Appellee contends that it had authority to promulgate the rule in issue under section 18, article 8308, R. C. S. 1925: "The· association shall make and enforce reasonable rules for the prevention of injuries on the premises of subscribers. For this purpose ·the inspector of the ·association or of the board shall have free access to all such premises during the regular working hours. Any subscriber aggrieved by such rule or regulation may· petition the board for a review and it may affirm, amend

or annul the rule or regulation." Clearly this section of the statute has no application to a rule promulgated by the compensation insurance carrier, limiting and controlling the discretion of the subscriber in the selection and employment of his employees; the power given by this statute is to make and enforce reasonable rules only "for the prevention of injuries on the premises of subscribers."

(c) Whether the interference with appellant's employment was lawful or not, appellee insists that it committed no actionable wrong by promulgating the rule, writing the letter, and forcing appellant's discharge, citing the following proposition from 15 R. C. L. p. 87: "One who procures a discharge of an employee not engaged for any definite time, by threatening to terminate a contract between himself and the employer, which he had a right to terminate at any time, is not subject to an action by the employee for damages, whatever may have been his motive in procuring the discharge." On the allegations of the petition, appellant's employment was of a permanent nature, and therefore this proposition has no application to the alleged facts.

■ The petition also stated a ·cause of action for exemplary damages. The rule was wrongfully and willfully promulgated, and was in contravention of the public policy of this state that an injured employee, without putting his employment in jeopardy, has the lawful right to claim and receive his statutory compensation. If appellee can promulgate ·this rule, then it can be promulgated by all other compensation insurance carriers; the result would be that an injured employee, lawfully receiving his compensation, would be forever disqualified to seek and retain employment in the state of Texas. Though the compensation insurance carrier has received an adequate compensation for its liability under its policy of insurance, it could defeat that liability by promulgating this rule, making the unfortunate employee an outcast—a man who can never again hold a job. The rule recognized no law of limitation in its application; appellant received compensation in 1922, and when, by a process of unlawful inquisition, this fact was discovered in 1933, the rule forced his immediate discharge. The enforcement of this rule against appellant rendered appellee liable to him for exemplary damages.

As pleaded and briefed, the point is not before us that appellant's discharge was the result of an act by appellee directed against him personally.

The judgment of the lower court is reversed and remanded.