## ZIMMERMAN v. GIANELLONI.
### No. 4440.

Court of Civil Appeals of Texas. Beaumont.
Oct. 30, 1947.

Rehearing Denied Dec. 31, 1947.

Marcus & Weller, of Beaumont, for appellant.

John L. Bell and Sonfield & Votaw, all of Beaumont, for appellee.

MURRAY, Justice.

This is an appeal from an order of the district court of Jefferson County, overruling a plea of privilege.

Gianelloni, the appellee, filed suit against Traveler's Insurance Company, a corporation, and Zimmerman, the appellant, for damages totalling $127,800, alleging that they, the defendants in the trial court, had unlawfully and maliciously interfered with a contract of employment which he had with Gulf Oil Corporation at Port Arthur, Texas, at that company's oil refinery, and that by such unlawful interference they had procured his discharge from such employment, causing him loss of wages and other valuable rights. Appellant Zimmerman filed his plea of privilege to be sued in McLennan County, Texas, the county of his residence and domicile, to which plea the appellee duly filed his controverting affidavit.

The issues joined on the plea of privilege and controverting affidavit were tried before a jury. The appellant duly filed his motion for instructed verdict, and his motion for judgment non obstante veredicto, both of which motions were overruled. The court entered judgment on the verdict of the jury overruling the plea of privilege

and appellant has properly brought his appeal.

The only parties to this appeal are appellant Zimmerman, who was sued as the agent of Traveler's Insurance Company, and appellee, Gianelloni. The only issues are those pertaining to the question of venue.

On August 31, 1944, and for sometime prior thereto, the appellee, Gianelloni, was employed as engine foreman in charge of a switch engine and switching crew by Gulf Oil Corporation in its oil refinery at Port Arthur, Texas, in Jefferson County. On that date a serious accident occurred within the yard of that refinery resulting in the death of five men and serious injuries to approximately twenty others. This accident and resulting deaths and injuries were caused by the act of appellee's switching crew in backing a string of railroad cars into a standing car of ammonia. The car of ammonia was being unloaded at the time by means of hoses attached, and when it was run into by a string of railroad cars it released fumes of ammonia which brought about the death and injuries to workmen nearby. In violation of safety rules promulgated by Gulf Oil Corporation, the switching crew was backing a string of thirty three cars without having a member of the crew stationed on the leading car of the string of cars being switched. Within an hour or two thereafter a yard foreman of Gulf Oil Corporation, a Mr. Riley, discharged all the members of the switching crew, including the appellee, Gianelloni. On the following day all the members of such crew were called back to the refinery and the men were informed that they were not discharged but were suspended pending an investigation of the accident. On October 18, 1944 Gianelloni was discharged by Gulf Oil Corporation. The other members of the crew working under him were returned to their employment.

At the time of such accident and for some time prior thereto the Traveler's Insurance Company was the insurer in an insurance policy of workmen's compensation insurance covering employees of Gulf Oil Corporation, and was also the insurer in a policy of insurance for public liability of the Gulf Oil Corporation's refinery. Appellant Zimmerman on August 31, 1944 and prior thereto was employed as a claim agent and investigator by Traveler's Insurance Company. On that date he learned that an accident had occurred in the refinery. He went to the refinery and made some investigation of the accident. A number of claims for personal injuries and death arose out of the accident, a great many of them being in behalf of workmen not employed by Gulf Oil Corporation, but by sub-contractors in its plant.

Appellee alleged in his suit that the Traveler's Insurance Company and Zimmerman on October 18, 1944 notified the Gulf Oil Corporation that said insurance company would no longer carry workmen's compensation insurance on plaintiff, Gianelloni, and demanded of said Gulf Oil Corporation that Gianelloni be discharged and that thereupon he was summarily discharged from his employment by the Gulf Oil Corporation and he further alleged that said discharge was procured solely by the wrongful and unlawful acts of Traveler's Insurance Company and Zimmerman. He further alleged that Zimmerman and Traveler's Insurance Company and each of them wrongfully and unlawfully procured his discharge in a willful and malicious manner and without probable cause and that but for their wrongful and unlawful acts in demanding of Gulf Oil Corporation that he be discharged, and but for the representations made by said defendants and each of them that the Traveler's Insurance Company would no longer carry workmen's compensation insurance on plaintiff, he would not have been discharged from his said employment.

The jury in its verdict in response to special issues submitted to it, found that after August 31, 1944 and on or before October 18, 1944, Zimmerman recommended that Gianelloni be discharged from his employment with Gulf Oil Corporation; that such recommendation was made for the purpose of procuring Gianelloni's discharge; that such recommendation was made known by Zimmerman to a person or persons at the Gulf Oil Corporation's plant at Port Arthur, Texas, having power to

discharge Gianelloni from his employment; that after such recommendation was made and after it was so made known Gianelloni was discharged from his employment; that such recommendation by Zimmerman was the sole cause of Gianelloni's discharge by Gulf Oil Corporation; that as a direct result of his being discharged Gianelloni sustained damages; that Gulf Oil Corporation did not discharge Gianelloni for reasons of its own; that Gulf Oil Corporation did not discharge Gianelloni because the officials of Gulf Oil Corporation considered that he had violated a safety rule; that the Gulf Oil Corporation did not discharge Gianelloni without regard to whether any demand for his discharge was made or not made by Zimmerman.

The appellant brings his appeal on twenty points of error, of which we will discuss only those points which we believe to be controlling in the disposition of the appeal.

Appellant's points number 13, 14, 15, 16, 17 and 18 attack in various ways the sufficiency of the evidence to establish appellee's cause of action, to show a trespass against the appellee was committed by appellant in Jefferson County, Texas. The appellee's testimony was that after the unfortunate accident he was not allowed to return to work between August 31, 1944 and October 18, 1944; that between those dates he had various conversations with P. H. Marble, the superintendent of maintenance and construction of the Gulf Oil Corporation refinery at Port Arthur, and also that he had several conversations with B. H. Barnes, superintendent of the refinery, who was the highest in authority at that plant. Both Barnes and Marble had full power to discharge him. Appellee testified that he was not given any definite information as to the continuation of his employment during this period of time and that on October 18, 1944 he was called to Mr. Marble's office and that Mr. Marble at that time told him that "he would have to leave me go, that between the C.I.O., and attorneys, and the insurance company that they were running the plant, they did not have any say so. The refinery, they didn't have any more say so, the C.I.O., the attorneys and

the insurance company were running the plant". Appellee's further testimony was that Marble told him that "The Traveler's Insurance Company had refused to grant any workmen's insurance on me and therefore he would have to leave me go". On cross-examination, appellee testified that no one at the Gulf Oil Corporation told him that Zimmerman had had him fired and that nobody had ever told him that Zimmerman had anything to do with it. The only testimony in the entire record which even tends to connect appellant Zimmerman with the discharge of the appellee by Gulf Oil Corporation was that of W. T. Briggs, an attorney at Port Arthur, and the testimony of Mrs. Mahaney, a client of Mr. Briggs in another suit not involving the Traveler's Insurance Company, nor the Gulf Oil Corporation. Mr. Briggs testified that on December 15, 1944 he met Zimmerman in Beaumont at which time they discussed the settlement of three suits filed by him against Gulf Oil Corporation which were being defended by Traveler's Insurance Company under public liability policies. Briggs, Zimmerman and Mrs. Mahaney had lunch together at Zimmerman's invitation and while they were at lunch they discussed the three suits Briggs was prosecuting. In the course of the conversation Briggs offered to show Zimmerman a copy of the discharge slip given to Gianelloni by Riley on August 31, 1944, the date of the accident, at which time, according to Briggs' testimony, Zimmerman stated that he did not care to see the slip, that he knew why Gianelloni was discharged and that he had recommended it. Mrs. Mahaney's testimony corroborated the testimony of Briggs.

While it is ordinarily not of importance, in passing upon the sufficiency of plaintiff's testimony, to review any of the testimony of the defendant, it must be noted here that the appellant denied making any such statement to Briggs and also denied making any recommendation or demand to any one that Gianelloni be discharged. Barnes and Marble also denied that either Zimmerman or Traveler's Insurance Company had made any demand or recommendation for Gianelloni's discharge. Both testified that he had been discharged by them because of his violation of a safety rule which had caused a

serious accident. Note of such denials is made because of the fact that the appellee has relied, to show appellant's connection with his discharge, upon his own testimony as to a statement by Marble as to why he was discharged and on Mr. Briggs' and Mrs. Mahaney's testimony as to Zimmerman's admission that he had recommended appellee's discharge.

We do not believe the evidence supports the findings of the jury that Zimmerman made known to persons at the Gulf Oil Corporation plant a recommendation that Gianelloni be discharged, and that such recommendation was the sole cause of his discharge. In the first place the testimony that Zimmerman admitted that "I know why he was discharged because I recommended it", even though accepted at its full import, cannot be regarded as proof that such recommendation as he made was made to an official of the Gulf Oil Corporation, and that it was also coupled with the demand that Gianelloni be fired on penalty of cancellation of Gulf's workmen's compensation insurance. It is possible, from such testimony, that appellant had made such a recommendation to the Houston Office of Traveler's Insurance Company or to its home office in Hartford, Conn., instead of to Gulf Oil Corporation officials. The testimony as to the admission by Zimmerman at the luncheon is not sufficient to overcome the strength of all the surrounding testimony that Gianelloni was in charge of a train crew which violated a safety rule and caused a serious accident in which five men were killed and a score of others injured, that appellee Gianelloni was immediately given a discharge slip and that some six weeks later, after a long investigation, appellee was discharged. We think the jury's finding in the respects above set forth are without support in the evidence and the trial court erred in not disregarding such findings. It is also believed that there is a complete absence of any testimony showing that appellant's duties as an investigator and claim agent were such as to clothe him with the authority to make a demand or representation to Gulf Oil Corporation that it discharge appellee or Traveler's Insurance Company would no longer carry compensation insurance on appellee as a workman. The trial court erred in failing to grant appellant's motion for judgment non obstante veredicto for these reasons.

■■ Appellant's first four points present a matter of procedure, and we have concluded the points present an error of the trial court which would alone require a reversal of the case. At the outset of the hearing on the plea of privilege the appellee Gianelloni moved the court to exclude from the jury panel all persons employed by the Gulf Oil Corporation for the reasons as given that the testimony of certain officials of the Gulf Oil Corporation would be read in the case and that since prospective jurors employed by Gulf Oil Corporation could be required to pass upon the credibility of their supervisors, the court should exclude such prospective jurors from the jury panel. The motion was opposed by appellant but was granted by the court, and it being ascertained that four of the prospective jurors were employees of the Gulf Oil Corporation they were excluded from the jury panel and four other names were added thereto. No examination of any of the four employees of Gulf Oil Corporation was made and they were excluded for the sole reason that they were employees of Gulf Oil Corporation. We believe this was error. Had the court permitted an examination of each prospective juror by the attorneys, eliciting further information about their employment with Gulf Oil Corporation, whether or not they were employed at the Port Arthur refinery, whether they were under the authority of the two prospective witnesses and all such general information concerning their employment and had the court then in his discretion decided to excuse them as jurors he would have been acting within his discretion and appellant would not be heard to complain of such action. Ordinarily the trial court has a wide discretion in passing on the qualifications of a juror and unless that discretion is abused, as was here done, the reviewing courts will not disturb such an act. The trial court's action here was an abuse of that discretion, and constitutes reversible error.

■ The appellant in his 5th, 6th, 7th, 8th and 9th points assails the findings of the jury in its verdict, contending that the jury's verdict contains no finding of the facts alleged by the appellee as a basis for his cause of action, and that certain matters alleged by the appellee were not submitted by special issues to the jury. We sustain such points of appellant. The appellant says that the appellee, in his pleadings, relied upon his allegations that appellant and Traveler's Insurance Company wrongfully procured appellee's discharge of Gulf Oil Corporation by demanding of Gulf Oil Corporation that he be discharged as a condition of the insurance company's carrying its workmen's compensation insurance. The appellee, in his brief, relies upon the cases of U. S. Fidelity & Guaranty Co., v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520, and Harris v. Traders & General Ins. Co., Tex.Civ.App., 82 S.W.2d 750, and has suggested in his brief that we familiarize ourselves with those cases. We have studied with a great deal of interest both of those cases, together with the annotations under the Millonas case in 29 A.L.R. 532. It is noted that in practically all the litigation reviewed in the Millonas case and the annotations thereunder, an insurance company is held liable for wrongfully causing the discharge of an employee for the reason that said employee is prosecuting a suit either against his employer or the insurance carrier of the employer, when such insurance company secured the discharge by threatening to cancel the insurance policy, and where the purpose in seeking the discharge was some ulterior motive, such as attempting to secure a more favorable settlement of a claim of the employee. In applying the rule announced in these cases to the present controversy, we specifically abstain from making any holding which would decide the merits of this case on its final determination. We must keep in mind that the only question before us in this case is whether the appellant is shown by the evidence to have committed a trespass against the appellee in Jefferson County, Texas. From what we

have said above, however, it is clear that we believe that even though the testimony had shown that Zimmerman had procured Gianelloni's discharge from the Gulf Oil Corporation, the appellee would not have discharged his burden unless he also showed that such procurement was malicious and was achieved by unlawful means and for some improper purpose. In this case the appellee has in his pleadings charged that the appellant caused his discharge wrongfully and maliciously by demanding such discharge without probable cause and by representations that the insurance company would no longer carry workmen's compensation insurance on him and that otherwise he would not have been discharged. The findings of the jury do not go that far. The special issues as submitted by the court are lacking in the respect that they do not submit to the jury the issues as to whether he made such representations to the Gulf Oil Corporation or whether Zimmerman acted with any improper motive or purpose in view in doing so. There was no evidence in the record which would have raised such issues.

■ By its 12th and 19th points the appellant complains of the action of the trial court in overruling his objection to testimony of the appellee to the effect that he was advised by P. H. Marble that he was being discharged because the Traveler's Insurance Company had refused to carry workmen's compensation insurance on him. We believe that no error is presented by these points, and agree with the appellee that such statements were properly admissible as res gestae. On authority of Evans v. McKay, Tex.Civ.App., 212 S.W. 680; U. S. Fidelity & Guaranty Co., v. Millonas, supra, then points are overruled.

■ Since the appellee has not shown a trespass against him by appellant in Jefferson County, Texas, the judgment of the trial court is reversed and remanded to the trial court with instructions to enter an order sustaining the appellant's plea of privilege and ordering that this cause as to appellant be transferred to the district court of McLennan County, Texas.