

# THE ATTORNEY GENERAL

# OF TEXAS

AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

October 31, 1952

Hon. Garland A. Smith
Casualty Insurance Commissioner
Board of Insurance Commissioners
Austin 14, Texas     Opinion No. V-1534

                 Re: Authority of the Board
                    of Insurance Commission-
                    ers to suspend or revoke
                    the certificates of li-
                    censed workmen's compen-
                    sation insurers who refuse
                    to write this insurance
Dear Mr. Smith:           for eligible applicants.

      Your request for an opinion reads as follows:

      "Section 7, of Article 8308, Revised
Statutes of Texas (Employers Liability and
Workmen's Compensation Law) provides, 'Any
employer of labor in this State who may be
subject to the terms of this law or to the
terms of the Longshoremen's and Harbor Work-
ers' Compensation Act of the United States
may become a subscriber to the Association.'

      "'Association' is the Texas Employers'
Insurance Association, as provided for in
Sections 1 through 6, of Article 8308.

      "The Supreme Court (Com. of App.) held
in the case of Texas Employers' Ins. Ass'n
v. U. S. Torpedo Co., 26 S.W.2d 1057, that
the Association had no choice as to its sub-
scribers and must insure every eligible em-
ployer who applied for compensation insur-
ance to the Association.

      "Section 2, of Article 8309, provides
that other companies may insure subscribers
and 'may have and exercise all the rights and
powers conferred by this law on the associa-
tion created hereby. . . .'

"The courts have held in Harris v. Traders' & General Ins. Co., 82 S.W.2d 750; Southern Casualty Co. v. Freeman, 13 S.W.2d 148; Federal Underwriters Exchange v. Walker, 134 S.W.2d 388; and Capps v. General Accident, Fire & Life Assur.Corp., 92 F.Sup. 227, that such other companies also have to write compensation insurance for any eligible employer applying for such insurance.

"It has been brought to the attention of the Board of Insurance Commissioners that Texas Employers Insurance Association and other casualty companies chartered or licensed to transact a liability and accident business in this state, and with permits to write Workmen's Compensation insurance, have refused, in many instances, to write such insurance for eligible employers.

"The situation with reference to the obtaining of Workmen's Compensation insurance has become serious, and some employers have had to cease operations or to refuse to enter into certain operations because of their inability to procure such coverage. The Board of Insurance Commissioners and the Industrial Accident Board have had many inquiries from such employers, asking how they might obtain the needed insurance.

"Article 1.10, of the Texas Insurance Code, Section 1, sets out that one of the duties of the Board is to 'see that all laws respecting insurance and insurance companies are faithfully executed.'

"Section 7 of this Article 1.10, provides that, 'The Board shall suspend the entire business of any company of this State, and the business within this State of any other company, during its non-compliance with any provision of the laws relative to insurance, or when its business is being fraudulently conducted, by suspending or revoking the certificate granted by it.'

"The Board desires your opinion as to whether refusal by a licensed insurer to write Workmen's Compensation insurance for an eligible applicant constitutes non-compliance with the insurance laws referred to above, and whether the Board, where such refusal is found by it after notice, and hearing, may suspend the entire business of such refusing company by suspending or revoking the certificate granted to it by the Board."

The cases giving effect to the rule announced in Texas Employers' Ins. Ass'n v. United States Torpedo Co., 26 S.W.2d 1057 (Tex.Comm.App. 1930, affirming 8 S.W.2d 266), clearly establish a duty on the part of any insurer licensed to write workmen's compensation insurance to give protection to all applicants who are eligible for workmen's compensation coverage. Southern Casualty Co. v. Freeman, 13 S.W.2d 148, 150 (Tex.Civ.App.1928/affirmed Com.App./ 24 S.W.2d 370); Harris v. Traders' & General Ins. Co., 82 S.W.2d 750 (Tex. Civ.App. 1935, error ref.); Federal Underwriters Exchange v. Walker, 134 S.W.2d 388 (Tex.Civ.App.1939,error dism.by agr.); Capps v. General Accident Fire & Life Assur. Corp.,92 F.Sup. 227 (S.D.Tex.1950). See also Yoselovitz v. Peoples Bakery, 277 N.W.221 (Minn.Sup.1938); California State Automobile Ass'n Inter-Insurance Bureau v. Downey, 216 P.2d 882 (Cal. Dist.Ct.of App.,1950,affirmed 341 U.S.105). The applicant for such insurance must, of course, also comply with any legal conditions precedent to perfecting the duty of the insurer to afford the protection. Texas Employers Ins. Ass'n v. Russell, 127 Tex. 230, 91 S.W.2d 317 (1936); Yoselovitz v. Peoples Bakery, supra.

Your question is whether an insurer who refuses to issue a proper policy to any employer who has perfected his right thereto is guilty of such "non-compliance with any provision of the laws relative to insurance" as to authorize the Board of Insurance Commissioners to suspend or revoke the insurer's certificate of authority to engage in the insurance business within the meaning of Section 7 of Article 1.10 of the Insurance Code (Vol. 14, V.C.S.).

Section 7 of Article 1.10 is derived from S.B. 291, Acts 31st Leg.,R.S.1909,ch.108,p.192. The Act provided for regulation of the insurance business generally. We conclude that Section 7 applies to any type of insurance company or insurance business in the absence of inconsistent specific

provisions applicable to a particular type of company or to a particular portion of the laws relative to insurance.

Nor do we have any doubt that Section 7 is applicable to the workmen's compensation laws and to companies engaged in writing workmen's compensation insurance, in the absence of particular provisions of the workmen's compensation statutes at variance with the provisions of Section 7. Workmen's compensation is unquestionably a type of insurance. The original Workmen's Compensation Act so treated the subject. S.B.11, Acts 33rd Leg.,R.S. 1913, ch. 179,p.429. Subsequent acts dealing with workmen's compensation are of the same tenor. See, for example, S.B. 237, Acts 35th Leg.,1917, ch.103,p.269, and S.B. 301, Acts 38th Leg.,R.S. 1923,ch.182,p.408.

Specific provisions govern many phases of regulation of workmen's compensation insurers and administration of many phases of the workmen's compensation system. No such specific provision deals with the enforcement of the insurer's duty to insure an employer. There being no such specific provision inconsistent therewith, Section 7 applies if the refusal is otherwise within its terms.

The question is thus narrowed to whether such a refusal to insure is otherwise within the scope of Section 7.

The duty of the insurer arises under the workmen's compensation statutes. Texas Employers' Ins. Ass'n. v. U. S. Torpedo Co., supra. While the duty is not literally expressed in the statute, "that which is implied in a statute is as much a part of it as what is expressed." 39 Tex. Jur. 186, Statutes, Sec. 99. The duty is, therefore, a "provision" of the laws relative to insurance and a refusal would be literally a "non-compliance."

However, we are of the opinion that the broad language of Section 7 is not intended to apply indiscriminately to every failure or refusal to perform an obligation under the "laws relative to insurance" which is not the subject of more specific provisions of the statutes as to enforcement.

Only such "non-compliance" as threatens to undermine the rights of the public generally and policyholders as a class should be appropriately recognized by the Board. See North British & Mercantile Co. v. Craig, 62 S.W. 155,

159 (Tenn. Sup. 1901), wherein a similar statute was held applicable to matters which "go to the general integrity of the insurance business, and affect all policyholders in the same way."

Individual disputes, not of that nature, may be settled through the normal processes of the courts. Thus, where individual disputes arise between an insurer and a member of the public, though based on a contention that the insurer has failed to fulfil an obligation arising under provisions of the insurance laws, the Board does not normally have jurisdiction to revoke or suspend the insurer's permit. It is a different matter, however, when the obligation on the part of the insurer is one in which policyholders or other members of the public, as a class, have a common interest. Thus, where the question between the company and a member of the public or a policyholder is peculiar to the individual controversy, the Board, in the absence of specific authority, would not be authorized to act until the matter is settled by judicial process. Where, however, the policyholder or member of the public has a clear right under the insurance laws because of membership in a class in whom the right is clearly established, such right is within the scope of the Board's authority under Section 7. We conclude that the duty to insure an eligible employer is of the latter type.

The obligation to insure employers who have properly qualified is a sufficiently settled question to make a refusal, in our opinion, such a "non-compliance" as to give the Board jurisdiction for action in the premises. If upon the hearing required before a determination is finally made to revoke or suspend a permit, it appears that the employer's right to insurance is clear, the Board's duty is to enforce compliance. An opportunity to comply with the obligation should be given the insurer after a hearing at which it is confronted with the full facts which impose the obligation upon it.

The authority and duty of the Board to effect compliance with the laws respecting insurance is fully discussed and supported by appropriate citations in Butler v. American Nat. Ins. Co., 235 S.W.2d 185 (Tex.Civ.App. 1950, error ref.). It is suggested that, when an allegation of such refusal is brought to the attention of the Board, a hearing should be conducted, after proper notice is given the insurer, to determine whether the insurer's duty to insure is clearly established and to determine whether the insurer's permit should be suspended or revoked. Upon such

hearing, the Board may, if the duty to insure is clearly established, order compliance, and upon failure to comply, order a revocation or suspension of the insurer's certificate.

## SUMMARY

The Board of Insurance Commissioners has the duty, under Section 7 of Article 1.10 of the Insurance Code (Vol. 14, V.C.S.), to revoke or suspend the certificate of authority of an insurance company operating under a permit to write workmen's compensation insurance if, after notice and hearing, the insurer refuses to comply with an order of the Board directing it to insure an employer who is eligible under the workmen's compensation laws.

APPROVED:

Mary K. Wall
Reviewing Assistant

Charles S. Mathews
First Assistant

NMc/rt

Yours very truly,

PRICE DANIEL
Attorney General

By _Ned McDaniel_
Ned McDaniel
Assistant