Lloyd L. COOPER, Appellant,

v.

AMERICAN EMPLOYERS INS. CO.,
Appellee.

No. 16178.

Court of Civil Appeals of Texas.

Dallas.

May 24, 1963.

Rehearing Denied June 21, 1963.

Yarborough, Yarborough & Johnson and Roger L. Turner, Dallas, for appellant.

Bailey & Williams, Dallas, for appellee.

BATEMAN, Justice.

Appeal from summary judgment denying damages for interfering with and causing termination of appellant's employment. Affirmed.

Appellant alleged that he sustained a compensable injury as an employee of Cannon Ball Chair Rental Company, which was insured by appellee under the Workmen's Compensation Insurance Law; that several days after his injury he returned to his work, and several months later was discharged because appellee "injected itself into and interferred with * * * plaintiff's employment relationship in a course of conduct that was reasonably calculated to and did terminate a job that he had held for 13 years." There was no allegation of malice or any motive inconsistent with legitimate business reasons or purposes of appellee.

Attached to appellee's motion for summary judgment were affidavits of the owner and manager of the Cannon Ball Chair Rental Company denying that appellee had instructed, suggested or recommended that appellant be discharged, and stating positively that appellant's allegation that his discharge had been caused by appellee was false. The manager testified to the same effect by deposition. Appellant filed his and his attorney's affidavits to the effect that the manager of his employer told both of them that appellant had been discharged at the behest of appellee.

Appellant's position is twofold: (1) the evidence before the court on the controlling question of the cause of his discharge was conflicting, which conflict he is entitled to have resolved by a jury, and (2) upon the conflict being resolved in his favor his right of action is established by the decision of the Beaumont Court of Civil Appeals in Harris v. Traders & General Ins. Co., 82 S.W.2d 750, err. ref.

We overrule the first contention because the alleged conflict in the evidence is unreal. It is well settled that the movant for summary judgment assumes the burden of demonstrating the lack of a genuine issue of material fact, all doubts as to the existence of such an issue being resolved against movant, and that the opposite party is entitled to the benefit of every reasonable

inference which can properly be drawn in his favor. Gardner v. Martin, 162 Tex. 156, 345 S.W.2d 274; Womack v. Allstate Ins. Co., 156 Tex. 467, 296 S.W.2d 233. However, it is equally well settled that affidavits, either supporting or opposing a motion for summary judgment, must set forth facts within the personal knowledge of the affiant *which would be admissible in evidence;* that if based on hearsay or mere conclusions of law such affidavits are insufficient under Rule 166–A, Vernon's Texas R.C.P.; 41B Tex.Jur. 49–50, § 27; Sparkman v. McWhirter, Tex.Civ. App., 263 S.W.2d 832, err. ref.

█ The affidavits attached to the motion in this case comply with the foregoing requirements, but those filed by appellant do not. The facts stated in the latter were pure hearsay as to appellee and would therefore not be admissible against it on a trial. While the testimony might possibly be admissible to impeach the testimony of the manager ' (if it ever became necessary on the trial for appellee to offer his testimony), it would not be admissible to impeach that of the owner of the business, whose affidavit alone was sufficient to support the summary judgment. All appellant shows by his affidavits is that, although he has no admissible evidence to prove appellee's alleged wrongdoing, if appellee ever offers the testimony of his employer's manager it will be impeached. This presents no real opposition to the proof offered in support of the motion.

Appellant's second contention must also be overruled. Harris v. Traders & General Ins Co., Tex.Civ.App., 82 S.W.2d 750, err. ref., held that a petition stated a cause of action for damages which alleged that a compensation insurer caused the plaintiff to lose his job by requesting his employer to discharge him because the plaintiff had received compensation from the insurer. It was based on the premise that at that time all compensation insurers doing business in Texas were required to accept all risks tendered them, the rationale being that, since its duty to accept all risks tendered was absolute, the insurer could not limit that duty by promulgating a rule which would have the effect of limiting the discretion of the employer in the selection of his employees. This followed the opinion of the Commission of Appeals in Texas Employers Ins. Ass'n. v. United States Torpedo Co., Tex.Com.App., 26 S. W.2d 1057, which was also followed by this court in Associated Indemnity Corp. v. Oil Well Drilling Co., Tex.Civ.App., 258 S.W.2d 523, affirmed in Oil Well Drilling Co. v. Associated Indemnity Corp., 153 Tex. 153, 264 S.W.2d 697; also in Capps v. General Accident Fire & Life Assur. Corp., D.C., 92 F.Supp. 227.

However, the Legislature in 1953 amended Section 2 of Art. 8309, Vernon's Ann. Tex.St., by adding the sentence, "Nothing contained in this or any other law shall require an insurance company or the association to issue a policy to any applicant applying for coverage under this law, except as provided in Article 5.76 of the Insurance Code of Texas." [1] Thus the basic reason for the holding in Harris v. Traders & General Ins. Co., supra, has been removed and, with it, the value of the case as an authority here. Under the facts of this case as presented to us, we hold appellant to be without a right of action against appellee.

Affirmed. .

1. Article 5.76 of the Insurance Code, V.A.T.S., enacted at the same time, provided for the "Assigned Risk Pool," a device which, briefly stated, assures that even the most undesirable risks will be insured, even though an employer can no longer force its business on a particular reluctant insurer.