ASSOCIATED EMPLOYERS LLOYDS

v.

DILLINGHAM et al.

No. 15456.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1953.

Rehearing Denied Dec. 4, 1953.

See, also, Tex.Civ.App., 233 S.W.2d 191.

Cantey, Hanger, Johnson, Scarborough & Gooch, and P. O. Settle, Jr., Fort Worth, for appellant.

Scarborough, Yates, Scarborough & Black, and Max Chenoweth, Abilene, for appellees.

BOYD, Justice.

This is a suit for the collection of premiums for the policy years 1 August 1947 to 1 August 1948 and 1 August 1948 to 1 August 1949 on two workmen's compensation insurance policies issued by appellant Associated Employers Lloyds to appellees, in which appellees filed a cross-action for overpayment. The premiums sued for were based upon the rate fixed by the Board of Insurance Commissioners and specified in the contract of insurance. It was stipulated that appellees owed the sum of $8,-207.89, unless it could be established that an alleged oral agreement was enterd into by the parties to the effect that appellees were to be given a guaranteed twenty per cent discount on the premiums called for in the insurance contract, and if such was avail-

able to appellees as a defense to the suit, and if such oral agreement was established and was available, then the appellant was indebted to appellees in the sum of $118.22, being the amount theretofore paid by the appellees in excess of the eighty per cent of the specified premiums. Appellant moved to strike the answer as to the alleged oral agreement, objected to testimony in support thereof, and, the jury having found that said agreement was made, moved for judgment on the ground that such agreement was illegal and void, and could not defeat appellant's suit. The court overruled said objections and motions, but entered judgment denying recovery for either party, apparently on the theory that all parties were in pari delicto and for that reason none could recover.

The question in issue therefore is whether the oral agreement found by the jury to have been made is a defense to the suit for the premiums, and whether it can be a basis for recovery by appellees of the alleged overpayment of $118.22.

We have concluded that the oral agreement is not a defense to the suit for the premiums specified in the policies, and could not support a judgment for appellees on their cross-action.

Art. 4907, R.C.S. (now V.A.T.S. Insurance Code, Art. 5.55), provides that "The said Commission shall make, establish and promulgate all classifications of hazards and rates of premiums * * *." In Art. 4908 (now V.A.T.S. Insurance Code, Art. 5.56), it is provided that " * * * No company or association authorized to write workmen's compensation insurance in this State shall, * * * use any classifications of hazards, rates of premium, or policy forms other than those made, established and promulgated and prescribed by the Commission." In Art. 4911 (now V.A.T.S. Insurance Code, Art. 5.60), we find the following provision: "The Commission shall determine hazards by classes and fix such rates of premium applicable to the payroll in each of such classes as shall be adequate to the risks to which they apply and consistent with the maintenance

of solvency and the creation of adequate reserves and a reasonable surplus, * *." And Art. 4913 (now V.A.T.S. Insurance Code, Art. 5.57), provides that the Commission shall prescribe a uniform policy for workmen's compensation insurance and that "* * * any contract or agreement not written into the application and policy shall be void and of no effect and in violation of the provisions of this chapter, and shall be sufficient cause for revocation of license to write workmen's compensation insurance within this State."

■ It was the intent and purpose of the Legislature by these enactments to remove the amount of premiums on workmen's compensation insurance policies from the field of bargaining. The establishment of premium rates is vested exclusively in the Commission and the rates promulgated by the Commission are not subject to alteration by agreement, waiver, estoppel, or any other device. As a matter of law, the insurance carrier agrees to collect, and the subscriber agrees to pay, the rate prescribed by the Commission. That rate is a part of every contract, regardless of any understanding by the parties. The insurance carrier cannot charge more, nor bind itself to take less, than the prescribed lawful rate of premium. A contract to rebate, directly or indirectly, any part of the prescribed premium is illegal and void, and cannot be a defense in a suit for the full premium. Where a rate is prescribed by one of the state's regulatory bodies, it is the only rate the parties can contract for. To allow parties to fix any other rate would impair or destroy the state's regulatory system and its policy of uniform and nondiscriminatory rates, in which system and policy the public has the paramount interest. Continental Fire & Casualty Ins. Corp. v. American Mfg. Co., Tex.Civ.App., 221 S.W.2d 1006, writ refused; Brown & Root, Inc. v. Traders & General Ins. Co., Tex.Civ.App., 135 S.W. 2d 534; English Freight Co. v. Knox, Tex. Civ.App., 180 S.W.2d 633; Traders & Gen. Ins. Co. v. Frozen Food Express, Tex.Civ. App., 255 S.W.2d 378, refused n. r. e.; Steele v. General Mills, Inc., 329 U.S. 433, 67 S.Ct. 439, 91 L.Ed. 402; Texas Employers Ins. Ass'n v. Russell, 127 Tex. 230, 91 S.W.2d 317; Herrin Transp. Co. v. Marmion, Tex.Civ.App., 113 S.W.2d 291; Houston & T. C. R. Co. v. Johnson, Tex. Com.App., 41 S.W.2d 14, 83 A.L.R. 241; Texas & N. O. R. Co. v. Yates, 139 Tex. 89, 161 S.W.2d 1050; Battles v. Braniff Airways, Inc., 5 Cir., 146 F.2d 336; Texas Soap Mfg. Co. v. American Automobile Ins. Co., Tex.Civ.App., 227 S.W.2d 376, refused n. r. e. Many more cases could be cited to sustain our holding. While some of the cases are suits by receivers of insolvent insurance companies, who represent not only the owners but the creditors, the application of the rule that such agreements for less than the lawful rate, or for rebates of any kind, are illegal and void and are not defenses to such suits, is in nowise limited to actions conducted by receivers or other legal representatives of insurance carriers.

■ The doctrine that parties to an illegal contract are in pari delicto and for that reason recovery will not be awarded to either has no application in cases where the illegal contract is offered as a defense to a suit for the collection of premium rates established by one of the state's regulatory bodies, in the public interest. The guilt of the respective parties is not considered by the court, which will look only to the higher right of the public, the guilty party to whom relief is granted being the instrument by which the public is served. Steele v. General Mills, Inc., supra; 12 Am.Jur., p. 730, sec. 214, and cases cited in note 11; New York Central & Hudson River R. Co. v. York & Whitney Co., 256 U.S. 406, 41 S.Ct. 509, 65 L.Ed. 1016.

■ The appellees did not appeal from the judgment denying recovery on their cross-action and that part of the judgment denying appellant recovery is reversed and judgment is here rendered for appellant in the sum of $8,207.89.

The costs of this court and of the trial are adjudged against the appellees.

Reversed and rendered.

RENFRO, J., not participating.