OIL WELL DRILLING COMPANY V.
ASSOCIATED INDEMNITY CORPORATION ET AL

No. A-4272. Decided February 3, 1954.
Rehearing overruled March 10, 1954.
(264 S.W. 2d Series 697)

*Buford, Ryburn, Hincks & Ford, Logan Ford and Clarance A. Guittard,* all of Dallas, for Oil Well Drilling Company, petitioner.

The Court of Civil Appeals erred in holding that the invalid provision of the Board's general order to the effect that the assured's designation of a retrospective plan is "subject to the acceptance of the insurance carrier," is separable from the other

provisions of the order. Marrs v. Railroad Commission, 142 Texas 403, 177 S.W. 2d 941; Railroad Com. v. Shell Oil Co. 139 Texas 66, 161 S.W. 1022; Pullman Palace Car Co. v. State, 64 Texas 274, 53 Am. Rep. 758.

*Strasburger, Price, Kelton, Miller & Martin, Herbert Price* and *Margaret A. Brand,* all of Dallas, for Associated Indemnity Corporation; *John Ben Sheppard,* Attorney General, *Rudy G. Rice,* Assistant Attorney General and *Ned McDaniel,* Special Assistant Attorney General, for Board of Insurance Commissioners, and *Looney, Clark & Moorehead* and *R. Dean Moorhead,* of Austin, for National Council on Compensation Insurance, respondents.

On the question of the validity of the retrospective rating plan see Texas Emp. Ins. Ass'n. v. United States Torpedo Co., 26 S.W. 2d 1057; Reserve Petroleum Co. v. Harp, 148 Texas 448, 226 S.W. 2d 839; Maryland Casualty Co. v. Hendrick Memorial Hospital, 141 Texas 23, 169 S.W. 2d 969.

MR. JUSTICE GRIFFIN delivered the opinion of the Court.

The present cause is a consolidation of two suits filed below. One suit was by Oil Well Drilling Company, petitioner herein, and who is hereafter referred to as Oil Well, against Associated Indemnity Corporation, a respondent, hereafter called Associated, and the Board of Insurance Commissioners of The State of Texas, hereafter referred to as the Board. Associated had theretofore filed a suit against Oil Well seeking to collect a balance claimed by it to be due as premium. These suits were consolidated. The National Council on Compensation Insurance, hereafter referred to as the Council, intervened and is a respondent herein. The trial court granted petitioner's motion for summary judgment, and on appeal the Court of Civil Appeals reversed the cause and remanded the same for a new trial. 258 S.W. 2d 523.

The suit is essentially between Oil Well and Associated over the proper premium to be paid by Oil Well to Associated for a policy of Workmen's Compensation protection. Oil Well contends that the proper premium should be figured according to the Guaranteed Cost Premium Discount Plan, hereafter referred to as Guaranteed Cost Plan, and Associated claims the premium should be figured according to the Retrospective Rating Plan B, hereafter referred to as Retrospective Plan. The Retrospective

Plan premium is some $9,366.00 more than the premium under the Guaranteed Cost Plan. That amount is in controversy herein.

Oil Well contends that the Retrospective Plan is invalid and void, and the premium figured thereunder cannot be collected. The Court of Civil Appeals in its opinion has made a clear and understandable explanation of these two plans, and how they came into being, and their application generally. We will not repeat such explanation here. The Retrospective Plan came into being as a result of an order of the Board on October 23, 1943. The pertinent parts of this order are as follows:

"Guaranteed Cost Premium Discounts must be applied by all types of carriers unless the insured has elected one of the Retrospective Rating Plans and so notified the Casualty Commissioner within 30 days after the beginning of the rating period."
* * *.
"The application of either Plan A or Plan B or Plan C shall be optional with the assured subject to the acceptance of the Insurance Carrier. The Plan must be specified by the assured prior to the period covered by the rating, and the Casualty Commissioner shall be promptly notified. If such notification has not been received within 30 days after the beginning of the rating period, the premium for the risk shall be treated on a Guaranteed Cost basis."

Petitioner, among other things, contends that because the issuance or not of a policy under the Retrospective Plan is "subject to the acceptance of the Insurance Carrier," such plan enables the Insurance Carrier to discriminate among insureds who are similarly situated. The Court of Civil Appeals, in subdivision IV of its opinion, sustained the petitioner's contention in this regard. We do not agree with such holding. All that this order of the Board does it to permit the employer and the insurance carrier to agree that the policy may be written under the Retrospective Plan. The Board's order provides that the application of Retrospective Plan "shall be optional with the assured subject to the acceptance of the Insurance Carrier." This means that the carrier may not force the assured (employer) to take a policy under the Retrospective Plan, nor may the assured force the carrier to issue a policy under such plan. Both parties must agree to apply the plan, and unless both parties so agree and so notify the Casualty Insurance Commissioner "within 30 days after the beginning of the rating period, the premium for the risk shall be treated on a Guaranteed Cost basis." All the calculations as to the rate are done by the Board, and the assured

(employer) must pay the premium as calculated by the Board's application of its own fixed rates. The Board fixes a minimum and a maximum limit on the amount of the premium to be paid. The Board makes the final calculation of the total premium due after the end of the policy year, taking into consideration all the factors which would be considered by the Board in determining the total premium due had the policy been issued on the Guaranteed Cost Plan, plus the additional factor based upon the losses sustained by the assured (employer) during the policy period.

It occurs to us that the Retrospective Rating Plan will redound to the benefit of the workmen, because, under this plan, the employer is encouraged to reduce losses, thus reducing injuries sustained by the workmen. This Retrospective Plan will furnish an incentive to the employer to use safety devices, hold schools of instruction for the workmen in safety methods, and generally encourage all conditions which will reduce accidents injuring the workmen, and thereby reducing the cost of the employer's insurance.

Oil Well cites as authority for its position that the Retrospective Plan is discriminatory, the recent case of Associated Employers Lloyds v. Dillingham, Texas Civ. App., 262 S.W. 2d 544. That case is not applicable to the facts of the case at bar. The Dillingham case was a suit by the insurance carrier against the employer to recover premiums due it for policies of Workman's Compensation protection, at the rate as fixed by the Board. Dillingham defended upon the ground that there was an oral agreement between the parties that the carrier would give to the employer a 20% discount on the premiums as determined by the Board's fixed rate. The Court of Civil Appeals held that such agreement could not be urged as a defense and that the Board's fixed rate must be applied to determine the premium due. In our case, the premium sought to be collected is that fixed by the Board's rate for the Retrospective Plan. No attempt is made to change this rate fixed by the Board. The attack in the case at bar is not on the rate of the Retrospective Plan, but solely upon the Board's right to fix such rate as applicable to a Retrospective Plan. The Dillingham case is not in conflict with our holding herein.

■ In all cases where the employer (assured) and the carrier do not agree upon the Retrospective Plan, the insurance must be written under the Guaranteed Cost Plan. Since the case of Texas Employers' Ins. Ass'n. v. United States Torpedo Co., Texas Com.

App., 26 S.W. 2d 1057, (1930), it has been the settled law of this state that an insurance company, issuing policies covering workmen's compensation insurance, must issue such a policy upon proper demand by an employer. Therefore, since the employer is entitled to receive a policy from a carrier under the Guaranteed Cost Plan, he is not discriminated against if a carrier refuses to issue a policy under the Retrospective Plan. We know of no good reason why the employer and the carrier should not be permitted to agree upon the Retrospective Plan, and to contract to pay the premiums due under such Plan, as they are determined by the Board. The Board fixes the rate, and determines the premiums. The parties must be bound by these rates and premiums as calculated by the Board. This supervision by the State adequately takes care of the public interest, and assures that there will be adequate funds with which to pay all claims made by injured workmen. The record shows that such plan is used in forty states of the Union, and that its use has been approved by the courts of these states. Oil Well is in no position to urge that the statute is discriminatory for the reason that it has not been denied insurance under the Retrospective Plan. On the other hand, its complaint is that it has been forced to accept such a plan, if the plan is in force as to Oil Well. The law is well established that only those against whom a discrimination is made by statute can invoke the benefit of the Constitution and laws preventing such discrimination. State v. Cage, Texas Civ. App., 176 S.W. 928 (6), writ refused; City of Waco v. Landingham, Texas Civ. App., 158 S.W. 2d 79, 1st. col. p. 81, writ refused.

Oil Well attacks the validity of the order on other grounds, but the Court of Civil Appeals has correctly sustained the validity of the order against each of these attacks. We approve the holding of the Court of Civil Appeals in this cause as set forth in its opinion under subdivision I, II, III, V, and VI. We see no need of writing on these points because the Court of Civil Appeals has clearly and effectively disposed of them. We hold that the order of the Board entered on October 23, 1943 is a valid order.

This is a summary judgment proceeding and if there are any fact issues in the case it must be reversed and remanded since we have held that the Retrospective Plan is valid.

There are controverted issues of fact as to whether or not Oil Well waived its right to have the Guaranteed Cost Plan applied to the policy which it received; also whether or not Oil Well accepted the policy containing the Retrospective Plan endorse-

ment. The uncontroverted fact is established that Associated told Oil Well that it would issue the policy only under Retrospective Plan B. Associated had no right to refuse to issue a policy under the Guaranteed Cost Plan unless Oil Well had waived its right to receive such a policy, or did accept a Retrospective Plan policy. Since the facts have not been developed, we have nothing before us on the merits of the case and express no opinion thereon.

This case developed prior to the recent amendments of the Insurance Code, and nothing in this opinion considered the Act of the 53rd Legislature (1953) in amending Subchapter D of the Insurance Code.

The judgment of the Court of Civil Appeals is affirmed and this cause is reversed and remanded to the trial court for a trial upon the merits.

Opinion delivered February 3, 1954.

Rehearing overruled March 10, 1954.