**In re the Adjudication of WATER RIGHTS OF the CIBOLO CREEK WATERSHED OF the SAN ANTONIO RIVER BASIN.**

**No. 15972.**

Court of Civil Appeals of Texas, San Antonio.

May 24, 1978.

William S. Rose, Powers & Rose, Austin, for appellant.

Douglas G. Caroom, Asst. Atty. Gen., Austin, R. Glenn Jarvis, McAllen, amicus curiae.

Ewers, Toothaker, Ewers, Abbott, Talbot, Hamilton & Jarvis, McAllen, amicus curiae.

MURRAY, Justice.

This case involves the adjudication of water rights along the Cibolo Creek. The adjudication is authorized by the Water Rights Adjudication Act, Tex.Water Code Ann. § 5.301, et seq. (1972).[1] Claimant Ross Owen Scull owns two tracts of land on the Cibolo Creek, one of which is located in Wilson County, and the other being located in Guadalupe County. Claimant Scull pursued recognition of a water right on his Wilson County tract, both at the administrative level before the Texas Water Rights Commission, and on appeal to the district courts. The Commission recognized no water right on the Wilson County tract. The district court, considering claimant's exception to the final determination under

---

1. We will follow claimant's and State's suggestion and utilize the section numbers of the prior codification rather than the new codification adopted by the Acts of the 65th Legislature, Chap. 870, 1977.

§ 5.318–5.322, recognized a water right to 80 acre feet on the Wilson County tract based upon prescription and equity, and the Commission has not appealed from the district court's action in this regard. Claimant Scull appeals the district court's failure to recognize a water right on the Guadalupe County tract, and raises several issues concerning the constitutionality of the adjudication act. Claimant never asserted water rights on the Guadalupe County tract before the Commission and did not raise the issue in his exceptions to the final determination filed with the district court.

Both tracts were originally granted by the Mexican or Spanish Government and have been irrigated with water from the Cibolo Creek for many years.

■ Claimant has assigned eight points of error, the first seven of which concern themselves with the assertion that vested property rights cannot be taken without compensation, without due process, or retroactively. Claimant, in his conclusion, asked this Court to reverse and render the judgment of the trial court to reflect a riparian right and/or equitable right of claimant to irrigate the Guadalupe County tract. Claimant's constitutional challenge could be advanced by an owner of a vested water right. *State Board of Water Engineers v. Slaughter*, 382 S.W.2d 111 (Tex.Civ.App.—San Antonio 1964, writ ref'd n. r. e.).

■ We hold he has no such right and is therefore not entitled to test the constitutionality of the adjudication act. One challenging a statute must clearly show in its operation it is unconstitutional as to him in his situation and the fact that it may be unconstitutional as to others is not sufficient. 16 C.J.S. Constitutional Law § 76 (1956). We think the law is as stated in 16 C.J.S. Constitutional Law § 76 (1956):

In other words, one may attack the constitutionality of a statute only when and as far as it is being, or is about to be, applied to his disadvantage; and to raise the question he must show that the alleged unconstitutional feature of the statute injures him and so operates as to deprive him of a constitutional right, and,

of course, it is prerequisite that he establish in himself the claimed right which is alleged to be infringed.

See *Oil Well Drilling Co. v. Associated Indemnity Corp.*, 153 Tex. 153, 264 S.W.2d 697 (1954); *Moody v. State*, 538 S.W.2d 158 (Tex.Civ.App.—Waco 1976, writ ref'd n. r. e.).

■ Claimant's contention that he has riparian irrigation rights is without merit. We believe it is the settled law of this state that in the absence of specific grants of irrigation water rights, Spanish and Mexican land grants do not have appurtenant riparian irrigation rights. *Valmont Plantations v. State of Texas*, 163 Tex. 381, 355 S.W.2d 502 (1962). In *Valmont v. State of Texas, supra*, the Supreme Court adopted as the opinion of the Supreme Court the opinion by Justice Pope, then of the San Antonio Court of Civil Appeals, in the case of *State v. Valmont Plantations*, 346 S.W.2d 853 (Tex.Civ.App.—San Antonio 1961, opinion adopted). The fact that *Valmont* concerns riparian irrigation rights on the Rio Grande River does not lessen its effect on the law applicable to Spanish and Mexican grants in this state on other rivers and streams.

■ Claimant's position that he had a vested equitable irrigation right to use water for irrigation purposes on the Guadalupe tract is without merit. Claimant cites the case *State v. Hidalgo County Water Control and Improvement District No. 18*, 443 S.W.2d 728 (Tex.Civ.App.—Corpus Christi 1969, writ ref'd n. r. e.), as recognizing a constitutionally protected vested equitable right to irrigate. In *Water Improvement District No. 18, supra*, which was filed by the State of Texas to obtain an adjudication of the water rights to the American share of the waters of the Rio Grande, all claimants of water rights along the Rio Grande were required to file their claims with the court. The question of vested riparian irrigation rights was severed from the case and decided by *Valmont Plantations, supra*. In *Water Improvement District No. 18, supra*, the court divided the

claimants into Class A and Class B. Class A embraced those users who had acquired a right to use water of the Rio Grande by virtue of having complied with the appropriations statute of the state or those whose rights had been recognized by the state. Class B embraced those users who had been making a good faith use of the waters of the Rio Grande River for irrigation purposes prior to institution of the suit, but who had no legal right to use the water. Justice Norvell recognized that the prior use of water for irrigation purposes did not ripen into a vested legal irrigation right when he said at page 731, "The circumstance that numerous tracts of land in the Lower Rio Grande Valley, having no connection with the legal title to an appropriative right, have been under irrigation for a long period of time does not authorize us to disregard the *Valmont* decision and say that such lands have a legal appurtenant water right under the appropriation statutes of this State," and again, on page 745: "However, the equity arm of a court is not inoperative in the presence of an unprecedented situation." The unprecedented situation consisted of the fact that two large reservoirs had been constructed at federal expense under an international treaty with Mexico and these reservoirs made large quantities of water available for users in Texas, at no expense to anyone involved. The court's recognition of equitable water rights was entirely dependent upon the existence of large quantities of free water which would otherwise flow unused into the Gulf of Mexico.

Justice Norvell noted that there was no precedent, in Texas or elsewhere, for the recognition of "equitable water rights," and that there was no precedent controlling the unusual situation presented by the new source of abundant water on the Rio Grande. Justice Norvell recognized the importance of this unprecedented situation, stating on page 747:

As above pointed out, there is in this state a strong public policy against waste. It hardly seems appropriate to say that in times of abundant water, we must nevertheless adopt a strict literal construction of statutes that were not designed for and hence in part are not suited to the regulation of rights in and to waters stored by governmental action when such course would deprive good faith users of water and allow the same to flow unused to the Gulf. These good faith users are before the court for the purpose of having their rights adjudicated. If it rests within the power and authority of the court to adjudicate such claims, relief should not be denied. In our opinion, equitable rights may be recognized because of the considerations above mentioned.

█ It is undisputed that there is no abundance of water on the Cibolo Creek and in the absence of the unusual and extraordinary circumstances existing on the Rio Grande River as detailed in *Water District No. 18, supra,* we are not authorized to recognize equitable water rights.

█ By claimant's eighth point of error, he asserts that the State is estopped to deny irrigation rights because of certain representations made to claimant by certain agents of the Commission, including an attorney. The State, in conducting its adjudication, and its agents, in making prior representations to claimant, were acting in a governmental capacity. Claimant's contention is without merit, for the applicable rule of law which claimant acknowledges is that estoppel does not run against the State acting in a governmental capacity. *City of Hutchins v. Prasifka,* 450 S.W.2d 829 (Tex. 1970); *Texas Company v. State,* 281 S.W.2d 83 (Tex.1955).

█ Public water of the State is the property of the State of Texas. Tex.Water Code Ann. § 5.021 (1972). The State or the sovereignty who was its predecessor is the source of all titles and for that reason there exists a presumption in favor of the state until the claimant shows a valid grant out of the sovereignty. *State v. Delesdenier,* 7 Tex. 76 (1851); *Hamilton v. State,* 152 S.W. 1117 (Tex.Civ.App.—Austin 1912, writ ref'd). Claimant is not entitled to test the constitutionality of the adjudication act be-

cause he has not shown that he complied with the state law with reference to the acquisition of a right of irrigation from the Cibolo Creek. The judgment of the trial court is affirmed.