Wayne F. JENKINS, Individually and d/b/a Wes-Tex Plumbing, Appellants,

v.

TRUCK INSURANCE EXCHANGE, Appellee.

No. 18024.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 4, 1979.

Opinion on Motion for Extension of Time to File Statement of Facts, Dated March 23, 1978.

Foster & Garrett and Jenks Garrett, Arlington, for appellants.

Schroeder, Guest & Hoffmeyer and Dan Hoffmeyer, Dallas, for appellee.

## OPINION

HUGHES, Justice.

Wayne F. Jenkins has appealed from a judgment of the trial court which awarded Truck Insurance Exchange $822.20 in a suit on sworn account. Trial was to the court with no findings of fact or conclusions of law requested or given.

We affirm.

By formal admissions in the record it was shown that Jenkins is a plumber who contracted with Exchange for a general liability policy on his employees for a premium of $162.00 on October 30, 1972 for a year ending October 30, 1973, at which time it was renewed for another year. Also an endorsement was made on the policy dated October 30, 1973; received by Jenkins on November 16, 1973; providing for an additional premium of $770.00.

Audits of Jenkins' payroll records were made by Exchange, as authorized by Jenkins. Jenkins admitted having made no payments on "the balance of $841.80."

Manufacturers' and Contractors' Manual Rates set by the State Board of Insurance for October 1, 1966 through January 1, 1973, December 3, 1969 through January 1, 1973, and June 30, 1971 through January 1, 1973, were admitted into evidence.

■ Jenkins' point of error no. one urges that plaintiff's first amended petition and exhibits attached should not have been admitted into evidence because his sworn denial thereto destroyed the probative force of Exchange's sworn account with the result that the items in the petition and exhibits should no longer be prima facie evidence.

Exchange counters that Jenkins' affidavit does not state "that each and every item is not just and true, or that some specified item or items are not just and true" as required by Tex.R.Civ.P. 185.

We agree with Exchange that the Jenkins' sworn denial, while purporting to be a denial of specific items, is in reality a denial of the whole claim. The Jenkins answer, paragraph I states "[t]hat the following items in Plaintiff's Petition, which is the foundation of Plaintiff's action, including Exhibit 'A', are not just and true."

We hold such answer did not destroy the probative force of Exchange's pleading. *Oliver Bass Lbr. Co. v. Kay & Herring Butane G. Co.*, 524 S.W.2d 600 (Tex.Civ. App.—Tyler 1975, no writ).

■ If Jenkins' answer could be construed to deny specified items he did not do so in intelligible detail. *Solar v. Petersson*, 481 S.W.2d 212 (Tex.Civ.App.—Houston [14th Dist.] 1972, no writ). Jenkins did not state in his denial what payments, credits or offsets had not been given or how Exchange's pleading fails to correctly state the account. His general allegations denying that "all just and lawful offsets, . . . have been credited" and denying "that said Exhibit totally and accurately reflects the status of the account" were, therefore, not sufficient in specificity.

■ Jenkins admits that plaintiff's first amended petition and plaintiff's original petition are basically the same and claims entitlement to having his denial to the latter serve also as a denial to the former. We do not agree they are the same, but it would still be ineffective in destroying the probative effect of Exchange's pleading.

■ We deny Jenkins' point of error no. two claiming the affidavit attached to Exchange's first amended petition to be a photocopy of the affidavit attached to Exchange's original petition. The affidavit in protest, like the original petition affidavit, is dated May 19, 1975 and appears to be the same identical affidavit attached to Exchange's original petition but an examination of the two jurats reveals distinct differences in the writing and notary's signatures.

■ Jenkins' only objection to the introduction of the amended pleading in evidence was that "[t]he pleadings are of record in the court and it's not a matter to be marked as an instrument of evidence. The pleadings will speak for themselves as to what is on file. I think I would object to it on that basis as an instrument of evidence. It certainly is part of the Court's records." We hold this objection to be too general and vague. *South Texas Electric Cooperative, Inc. v. Ermis*, 396 S.W.2d 955 (Tex.Civ.App. —Corpus Christi 1965, no writ).

■ We hold that there was sufficient evidence in the record to support judgment of the trial court. Jenkins admitted that Exchange sold him a general liability insurance policy and that the payroll audit and employee classification was correct. Amount of exposure was proven as well as the rates applicable, as set by the State Board of Insurance (Tex.Ins.Code Ann. art. 1.04 (1963) and required to be charged. *Associated Employers Lloyds v. Dillingham*, 262 S.W.2d 544 (Tex.Civ.App.—Fort Worth 1953 writ ref'd).

■ Since this case was tried by trial court without a jury, with no findings of fact and conclusions of law requested or filed, we must affirm if it can be upheld on any legal theory with support in the evidence. *Bishop v. Bishop*, 359 S.W.2d 869 (Tex.1962). Considering the evidence most favorable to the trial court's ruling, and disregarding that contradictory, we have to imply that trial court made the necessary fact findings to support its judgment. *Renfro Drug Co. v. Lewis*, 149 Tex. 507, 235 S.W.2d 609 (1950). We overrule points of error nos. 3, 5 and 6.

■ In overruling point of error no. 4, we hold that the trial court had sufficient evidence to find that the witness, LaNelle Williams, was qualified under Tex.Rev.Civ. Stat.Ann. art. 3737e (Supp.1978–79), to testify concerning plaintiffs' exhibits 4, 5 and 6. She testified that: 1. She did not have a personal knowledge to such exhibits. 2. Plaintiff is a part of Farmers Insurance Group by whom she had been employed 17 years, and for whom she is now an accounts supervisor. 3. She had custody of the permanent books and records of Farmers Insurance Group which were kept in the usual and regular course of business by one with personal knowledge of the act, event or occurrence therein contained, being made at or near the time of transaction recorded in such books.

For the reasons stated, we affirm the judgment of the trial court.

## OPINION ON MOTION FOR EXTENSION OF TIME TO FILE STATEMENT OF FACTS

PER CURIAM.

Judgment in this case was signed by the trial court on December 27, 1977. The transcript was filed with the clerk of the court of civil appeals within the required sixty-day period. Tex.R.Civ.P. 386. However, no statement of facts was filed with the clerk of this court within the required sixty-day period.

The attorney for appellant has filed a motion to extend the time in which to file the statement of facts. In his motion, the attorney says that upon receiving the transcript from the clerk of the trial court, he learned "that the Statement of Facts was not included with the Transcript as requested."

■ We are confronted with the situation where the attorney mistakenly requested his statement of facts from the clerk of the trial court rather than the court reporter. The issue before us is whether we should grant an extension of time for filing the statement of facts under these circumstances.

Tex.R.Civ.P. 21c(1) provides:

"An extension of time may be granted for late filing in a court of civil appeals of a transcript, statement of facts, motion for rehearing, or application to the supreme court for writ of error, if a motion *reasonably explaining* the need therefor is filed within fifteen (15) days of the last date for filing as prescribed by the applicable rule or rules." (Emphasis added.)

The term "reasonably explaining" as used in Tex.R.Civ.P. 21c was construed by our supreme court in *Meshwert v. Meshwert,* 549 S.W.2d 383 (Tex.1977). Our supreme court wrote:

"We hold, . . . that 'reasonably explaining' means any plausible statement of circumstances indicating that failure to file within the sixty-day period was not deliberate or intentional, but was the result of inadvertance, mistake or mischance." *Id.* at 384.

We have concluded that an attorney who has requested the statement of facts from the clerk of the trial court rather than the court reporter has made a "mistake". Such a mistake is a reasonable explanation within the meaning of Tex.R.Civ.P. 21c so as to authorize the late filing of a statement of facts.

Appellants' motion for extension of time to file a statement of facts is granted.