

# The Attorney General of Texas

May 21, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable John J. Kavanagh, M.D
Commissioner
Texas Department of MHMR
Box 12668, Capitol Station
Austin, Texas 78711

Opinion No. MW-180

Re: Voluntary admission of minors to mental hospitals.

Dear Dr. Kavanagh:

You have requested our opinion regarding the voluntary admission of minors to mental hospitals.

Article 5547, V.T.C.S., provides, in pertinent part:

> The application for admission of a person to a mental hospital as a voluntary patient:
>
> (a) Shall be in writing and signed by the voluntary patient if he is legally of age or by his parent, legal guardian, or the county judge, with his consent, if he is not legally of age.

The Department of Mental Health & Mental Retardation has for many years interpreted this provision to require the consent of a minor for voluntary admission. See also Rosenthal, Interpretation of the Mental Health Code (5th ed. 1976) at 6. You ask whether it can be construed so as to require the minor's consent only when he is admitted upon application of the county judge.

Since the language of the statute is ambiguous, the long-standing construction placed upon it by the Department is entitled to substantial weight. Calvert v. Kadane, 427 S.W.2d 605, 608 (Tex. 1968); Heaton v. Bristol, 317 S.W.2d 86, 95 (Tex. Civ. App. — Waco 1958), cert. denied, 359 U.S. 230 (1959); Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2d 523, 529 (Tex. Civ. App. — Dallas 1953), aff'd, 264 S.W.2d 697 (Tex. 1954). The legislature, which must be presumed to have been aware of the Department's interpretation, has not amended the statute since 1957. Under these circumstances, we believe that the Department of Mental Health & Mental Retardation should continue to require the consent of a minor for voluntary admission to a facility of the Department.

You also ask whether there is an age below which a person cannot give consent under article 5547-23, V.T.C.S.   The statute itself imposes no minimum age, and, were we to hold that the age of consent is the same as for purposes of contract, no minor could ever be admitted to a mental hospital as a voluntary patient, and part of the statute would be rendered meaningless.   It seems likely that the legislature did not here intend to impose the technical meaning of contractual consent.   See Austin v. Collins, 200 S.W.2d 666 (Tex. Civ. App. — Fort Worth 1947, writ ref'd n.r.e.).   No minimum age can be inferred from the statute.   We believe the professionals at the hospital must make a determination, just as they do with adults, whether the child has sufficient competency and maturity to give effective consent.   If the professionals are not convinced that the particular child has the ability to give consent, they should seek an involuntary commitment through the courts.

The statute does not require that the minor's consent be in writing, however.   The application must be in writing and it must be signed by the minor's parent or legal guardian or by the county judge.   The minor's informed consent must be obtained, but there is nothing in the statute to require that such consent be given in writing.

Finally, you ask about the effect of Parham v. J.R., 61 L.Ed.2d 101 (1979), on the Department's voluntary admissions policy.   In Parham, supra, the Supreme Court upheld a Georgia statute which permitted a child to be admitted to a state mental health care facility without his consent, upon the application of his parents.   The court based its decision upon the "traditional presumption that the parents act in the best interests of their child," and found the Georgia procedure acceptable, so long as a physician's "independent examination and medical judgment" is interposed in the process.

Clearly, the Supreme Court in Parham supra, was considering only the minimum constitutional standards required for the admission of a minor to a mental health care facility.   Since the Department of Mental Health & Mental Retardation has long construed article 5547-23, V.T.C.S., to require a stricter standard — the consent of the minor as well as that of his parents — Parham has little relevance for the Texas admissions procedure.

## SUMMARY

A minor may be admitted to a mental hospital as a voluntary patient only with his informed consent.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Susan Garrison
Rick Gilpin
Bruce Youngblood