foxworth 



IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-93-154-CV





DEARL GENE FOXWORTH,



 APPELLANT


vs.





STATE OF TEXAS AND THE ATTORNEY GENERAL OF TEXAS,


ON BEHALF OF THE TEXAS EMPLOYMENT COMMISSION,



 APPELLEES




 




FROM THE DISTRICT COURT OF TRAVIS COUNTY, 261ST JUDICIAL DISTRICT



NO. 476,730, HONORABLE JOHN K. DIETZ, JUDGE PRESIDING



 





 Appellee, the State, on behalf of the Texas Employment Commission (TEC)
brought a collection action in Travis County district court to collect unemployment contributions
assessed by the TEC against appellant, Dearl Gene Foxworth, d/b/a TCB Trucking. (1) Foxworth
filed a written denial and a counterclaim alleging that the State deprived him of property without
due process and seeking damages and attorney's fees. After hearing the evidence, the trial court
rendered judgment for the State, denied the counterclaim, and signed a TEC certification of
delinquent unemployment contributions, penalties and interest due. We will affirm. 

BACKGROUND


 Under an operating agreement, Foxworth leased his trucks to Southwestern Motor
Transport, Inc. (SMT), an interstate carrier. Foxworth provided the truck drivers under this
agreement, and also paid a clerical worker to assist him in his operation. The tax department of
the TEC determined that Foxworth was the employer of both the truck drivers and the clerical
worker. See Labor Code § 201.021. Foxworth sought a discretionary administrative hearing,
which the TEC granted. 40 Tex. Admin. Code § 301.13 (1989) (since amended). The TEC
found that these workers were Foxworth's employees, rather than independent contractors, and
assessed unemployment contribution payments plus penalties against Foxworth. 

 The State brought a collection suit in district court, submitting a certified
delinquency statement as to the amount of contributions and penalties owed. Act of May 25,
1967, 60th Leg., R.S., ch. 287, § 5, 1967 Tex. Gen. Laws 683, 694-95 (Tex. Rev. Civ. Stat.
Ann. art. 5221b-12(b), since amended, repealed, and codified) (hereinafter "Former Art. 5221b-12(b)"). (2) Foxworth answered by written denial, and specifically alleged that (1) the drivers and
clerical worker were independent contractors; (2) the State is estopped from claiming employer
status because the TEC previously decided that the workers were independent contractors; and (3)
the TEC deviated from a long-standing policy established by earlier decisions that truck drivers
in circumstances such as this one were independent contractors. In his counterclaim, Foxworth
sought damages and attorney's fees, alleging that the acts of the TEC and its agents deprived
Foxworth of property without due process. 

 The district court heard the evidence, rendered judgment for the State, and denied
Foxworth's counterclaim. In its findings of fact and conclusions of law, the district court
concluded in part that: (1) Foxworth was an employer under the Unemployment Compensation
Act; (2) the State has sovereign immunity from suit and from liability for attorney's fees; and (3)
the State is not estopped to claim that Foxworth is an employer. Foxworth appeals, urging five
points of error.



DISCUSSION


 In his first point of error, Foxworth argues that no evidence supports the trial
court's findings that Foxworth had a right to control and direct the performance of the truck
drivers and the clerical worker. We first address the standard of review. The State brought a
collection action against Foxworth in district court. Former Art. 5221b-12(b). In this action, the
State supports its petition with a certification of delinquent unemployment contributions, penalties,
and interest issued and certified by the TEC. This statement operates as prima facie evidence that
the amount stated is owed and delinquent, unless the defendant files an affidavit denying that all
or part of the contribution, penalty, or interest is due and stating the details relating to this denial. 
Labor Code § 213.034. This collection proceeding is an original action, rather than an appeal of
an administrative hearing. See Welker v. State, 647 S.W.2d 767, 770 (Tex. App.--Austin 1983,
no writ) (holding that state is required to prove its allegations by a preponderance of the
evidence); see also Dickerson-Seely v. Texas Employment Comm'n, 784 S.W.2d 573, 576 (Tex.
App.--Austin 1990, no writ). 

 Foxworth argues that there was no evidence to support the trial court's fact findings
that Foxworth had the right to control and direct the performance of the services of the truck
drivers and the clerical worker. However, under the definition of employment in the Texas
Unemployment Compensation Act, Foxworth had the burden to establish that the drivers and
clerical worker were not under his control. Employment is defined in part:



"Employment" means a service, including service in interstate commerce,
performed by an individual for wages or under an express or implied contract of
hire, unless it is shown to the satisfaction of the commission that the individual's
performance of the service has been and will continue to be free from control or
direction under the contract and in fact. 



Labor Code § 201.041. (3) At trial, Foxworth agreed that he had paid the drivers and clerical
worker, and in its fact findings numbers two and six, the trial court specifically found that
Foxworth paid the drivers and clerical worker wages for their services. Foxworth does not
challenge these findings. Therefore, Foxworth had the burden to show that the workers were free
from his control or direction under both his contract and in fact. Merchant v. State, 379 S.W.2d
924, 925 (Tex. Civ. App.--Austin 1964, no writ). Because Foxworth has the burden of proof on
this issue, we treat his point of error that Foxworth established freedom from control or direction
as a matter of law. See Sterner v. Marathon Oil Co., 767 S.W.2d 686, 690 (Tex. 1989).

 Filed findings of fact occupy the same position as the verdict of the jury. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 696 (Tex. 1986). Because Foxworth challenges the
legal sufficiency of an adverse finding for which he has the burden of proof, we first examine the
record for evidence that supports the court's findings, while disregarding all opposing evidence. 
Sterner, 767 S.W.2d at 690. If there is no evidence to support the fact findings, then we examine
the entire record to see if the contrary proposition is established as a matter of law. Id.; Holley
v. Watts, 629 S.W.2d 694, 696 (Tex. 1982).

 As recognized in the definition of employment, the test to determine whether a
worker is an employee or an independent contractor is whether the employer has the right to
control the progress, details, and methods of operations of the employee's work. Thompson v.
Travelers Indem. Co., 789 S.W.2d 277, 278 (Tex. 1990) (applying test in workers' compensation
case); Guinn v. State, 551 S.W.2d 783, 786 (Tex. Civ. App.--Austin 1977, writ ref'd n.r.e.);
Barnett v. Texas Employment Comm'n, 510 S.W.2d 361, 363 (Tex. Civ. App.--Austin 1974, writ
ref'd n.r.e). Some examples of this type of control by an employer include when and where to
begin and stop work, the regularity of hours, the amount of time spent on particular aspects of the
work, the tools and appliances used to perform the work, and the physical method or manner of
accomplishing the end result. Thompson, 789 S.W.2d at 279. Other relevant factors include the
right to hire and discharge and including workers on social security and income tax withholding
rolls. United States Fidelity & Guar. Co. v. Goodson, 568 S.W.2d 443, 446 (Tex. Civ.
App.--Texarkana 1978, writ ref'd n.r.e.).

 The evidence showed Foxworth's control over the drivers. Drivers submitted their
applications to Foxworth who investigated their driving records and kept them on file. Foxworth
provided the trucks for his drivers and kept a log to track the drivers' location. He also provided
workers' compensation insurance for the drivers. 

 At trial, a standard contract between Foxworth, d/b/a TCB Trucking, and the
drivers was admitted into evidence as part of State's exhibit 3. The contract gives Foxworth the
right to control many details of the drivers' work. It provided that TCB would withhold federal,
state, and local taxes. TCB decided who would be the first and second driver of a team and
designated that the first driver would be responsible for all receipts and paper work. Fuel and
cash receipts were to be submitted to TCB. The contract provided that all trips would begin and
end in San Antonio or Dallas. It further provided that TCB had the option to provide drivers with
cash advances, would reimburse them for motel expenses for lay overs, and pay for certain fees
in the event of loading or unloading hauls. In addition, the drivers were required to make
mandatory check calls to TCB, and failure to make such calls would result in their termination. 
Foxworth agreed that some of the above provisions in the contract were not required by the
Department of Transportation, and thus were not merely safety rules.

 The "Independent Contractor Operating Agreement" between Foxworth and
S.M.T., the carrier, also recognizes Foxworth's right of control over the drivers. The agreement
provides that the contractor, Foxworth, shall retain all responsibility for "hiring, setting the
wages, hours and working conditions and adjusting the grievances of, supervising, training,
disciplining, and firing all drivers," and that the drivers "shall remain the employees of
Contractor." Thus the operating agreement recognizes Foxworth's right to control the drivers
under the contract, which the definition of employment expressly requires Foxworth to negate. 
See Newspapers, Inc. v. Love, 380 S.W.2d 582, 591 (Tex. 1964) (essential inquiry in existence
of master-servant relationship is whether employer has contractual right to control details of work
to be performed). 

 With respect to the clerical worker, Foxworth agreed at trial that he told her which
duties to perform, such as answering the phone, preparing the payroll, and filing. He testified
that she worked approximately from nine to five for about three years and received an hourly
wage. He agreed that he had the right to change the methods she used and direct her on how she
worked. On a TEC questionnaire, introduced into evidence, Foxworth wrote that he directed the
clerical worker how to fill out the payroll and what filing system to use. 

 The evidence is legally sufficient to support the trial court's adverse findings that
Foxworth had the right to control and direct the performance of the drivers and clerical worker. 
Therefore, Foxworth did not establish as a matter of law that the clerical worker and drivers were
free from such control both under the contract and in fact. We overrule Foxworth's first point
of error. 

 

 In Foxworth's second point of error, he argues that the trial court erred in finding
the drivers to be his employees because there was substantial evidence of an established industry
standard that owner-operators like Foxworth use independent contractors to drive the trucks they
lease to carriers like SMT. He contends that the testimony of Santiago H. Villafranco, Terrence
Charles Turner, N.B. Luker, and his own testimony establish this standard. Because this
collection action is an original action, we will treat this point as a challenge to the factual
sufficiency of the evidence. In reviewing a factual sufficiency challenge, we must consider,
weigh, and examine all of the evidence in the record, and set aside a finding only if it so contrary
to the overwhelming weight of the evidence as to be clearly wrong and unjust. Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). 

 Foxworth relies on Interstate Commerce Commission rulings and "section 530(a)(2)
of the Revenue Act of 1978" to further establish that governmental agencies recognize established
industry standards. However, ICC rulings and IRS provisions do not control the district court's
decision under the Texas Unemployment Compensation Act. Foxworth does not argue that the
Texas Unemployment Compensation Act contains any such safe-harbor provisions which
recognize an industry standard and absolve the taxpayer of liability for reasonable reliance upon
this standard.

 Foxworth also relies on an oral ruling of a case by a bankruptcy judge in the
Western District of Texas in a "Motion of Debtors for Determination of Tax Liability to Texas
Employment Commission," and attaches the transcription to his brief. Foxworth argues that the
judge relied on industry standard in holding that truck drivers were independent contractors. The
State correctly argues that unpublished opinions shall not be cited as authority by counsel. Tex.
R. App. P. 90(i). Moreover, Foxworth relies merely on the mental processes of the judge
announced orally to the parties, and the judge cites no authority for this belief. Furthermore, the
majority of the judge's explanation weighs the factors for and against finding the drivers as
employees. 

 Finally, we are not persuaded that Foxworth established such an industry standard. 
Foxworth recognizes in his brief that whether a worker is an employee or independent contractor
is a fact-intensive determination dependent upon several factors. Villafranco, Turner, and Luker
all answered yes when asked if a large number of people use drivers that they view as independent
contractors. However, the testimony did not establish their familiarity with Foxworth's operation. 
Villafranco stated, "I didn't get involved in the day-to-day operations of Foxworth's business." 
Turner testified that he had never driven for Foxworth; he also stated that while he currently owns
trucks and leases them, he does not use independent contractors. Luker testified about SMT's
operations as a carrier, but did not establish his knowledge of Foxworth's business or how
Foxworth worked with SMT. We conclude that the evidence is insufficient to establish that
Foxworth's business followed any industry standard. We overrule his second point of error. 
 

 In points three and four, Foxworth alleges that the TEC made an earlier ruling that
Foxworth's drivers were independent contractors. He also claims that previous TEC decisions
established a policy that drivers in situations similar to Foxworth's were independent contractors. 
He argues that the trial court therefore erred in finding that the drivers were employees because
there is no evidence of any reasonable basis for the TEC's deviation from its established policy,
and to render judgment for the State results in a retroactive application of a change in TEC policy,
upon which Foxworth reasonably relied.

 We have reviewed the documents in the record that Foxworth relies upon to
establish that the TEC previously found his drivers to be independent contractors. The documents
establish that the TEC did not make benefits chargeable against one driver, D.A. Bunch. 
Nowhere in its "Notice of Decision of Potential Chargeback," does the TEC state that Foxworth's
drivers are independent contractors, or even that Bunch in particular is an independent contractor. 


 Moreover, even if Foxworth erroneously relied upon the TEC notice as a
representation that his drivers were not employees, estoppel does not run against a governmental
unit when it is exercising governmental powers. Leeco Gas & Oil Co. v. Nueces, 736 S.W.2d
629, 630 (Tex. 1987); City of Hutchins v. Prasifka, 450 S.W.2d 829, 835 (Tex. 1970); Dillard
v. Austin Indep. Sch. Dist., 806 S.W.2d 589, 594 (Tex. App.--Austin 1991, writ denied); In re
Water Rights of Cibolo Creek Watershed, 568 S.W.2d 155, 158 (Tex. Civ. App.--San Antonio
1978, no writ) (claimant's assertion that water commission's agents made certain representations
to him would not estop the state from denying his irrigation rights).

 We have also reviewed the three TEC decisions attached to his brief that Foxworth
relies upon to establish that the TEC departed from a long-standing policy that truck drivers in
similar situations as Foxworth's are necessarily independent contractors. (4) These decisions do not
set forth or establish any long-standing policy. Rather, they demonstrate that each case requires
a fact-specific inquiry to determine whether the individual or business meets the definition of
employment under the Unemployment Compensation Act. Each decision weighs the evidence for
and against the existence of control over the workers, and the facts in each decision are
distinguishable from Foxworth's relationship with his drivers and S.M.T. We overrule
Foxworth's third and fourth points of error. 

 Foxworth argues in his fifth point that the trial court erred in holding that sovereign
immunity barred his claim against the State for damages and attorney's fees. Foxworth contends
that sovereign immunity does not apply because the actions of the agents of the TEC, acting in
their official capacity, deprived him of his property without due process of law. 

 Foxworth states in his brief, "The assessment of the taxes, penalty, and interest
for the years Appellant had a reasonable basis for believing he was operating lawfully is the action
which deprived Appellant of property without due process." He argues, as he did in his third and
fourth points of error, that he reasonably relied upon the trucking industry norms and the prior
history of the TEC's decisions in believing that his drivers were independent contractors. 
Therefore, he concludes that the TEC's acts of filing tax liens against him and garnishing his
business bank account during the pendency of the collection suit deprived him of property without
due process of law. 

 In overruling Foxworth's third and fourth points of error, we have already held that
the TEC decisions upon which Foxworth relies do not establish a long-standing policy that
Foxworth's drivers were independent contractors, and that Foxworth has not established an
industry standard or a provision in the Texas Unemployment Compensation Act which recognizes
such a standard. Therefore, the TEC did not "retroactively apply" an "ad hoc decision" to
appellant which deprived him of his business. 

 Moreover, Foxworth received due process. When the tax department of the TEC
determined that Foxworth was an employer of the drivers and clerical worker, Foxworth
requested and was granted a discretionary, administrative hearing. 40 T.A.C. § 301.13 (1989)
(since amended). Foxworth had two options: (1) he could pay the contributions and seek a refund
in district court, arguing that he was not an employer, Labor Code § 213.073; or (2) he could wait
until the State sought collection in district court, and challenge his employer status as a defense. 
See Cowan Boat Transfer v. Texas Employment Comm'n, 789 S.W.2d 405, 407 (Tex. App.--Austin
1990, writ dism'd by agr.). Foxworth chose the latter, and the evidence supported the district
court's finding that the drivers and clerical worker were his employees under the Workers'
Compensation Act. Former article 5221b-12(b) did not preclude the State from freezing
Foxworth's assets during the pendency of this determination. See Former Art. 5221b-12(b); see
also Tex. R. Civ. P. 658 ("either at the commencement of a suit or at any time during its progress
the plaintiff may file an application for writ of garnishment").

 Foxworth's claim sought damages and attorney's fees against the State. The State
as sovereign is immune from both suit and liability. Dillard, 806 S.W.2d at 592. The
Unemployment Compensation Act only permits Foxworth to argue that the contributions are not
owed. See Labor Code § 213.034. It does not authorize Foxworth to bring an action for
damages. Moreover, Foxworth's reliance on Chapter 104 of the Texas Civil Practice and
Remedies Code is misplaced. Chapter 104 only provides for indemnification of the State's
officers; it does not waive the State's immunity. Tex. Civ. Prac. & Rem. Code Ann. §§ 104.001,
.002 (West Supp. 1994); § 104.008 (West 1987); see Perry v. Texas A & I Univ., 737 S.W.2d
106, 108 (Tex. App.--Corpus Christi 1987, writ ref'd n.r.e); Tex. Dept. of Human Servs. v.
Methodist Retirement Serv., 763 S.W.2d 613, 614 (Tex. App.--Austin 1989, no writ). Foxworth's reliance on Camarena v. Texas Employment Comm'n, 754 S.W.2d 149 (Tex. 1988),
is also misplaced. In Camarena, the supreme court awarded attorney's fees under
section 106.001, which prohibited state officers from discrimination on the basis of race. See
Camarena, 754 S.W.2d at 152. Section 106.002 provided an express remedy for aggrieved
persons of such discrimination and authorized the court to award the prevailing party reasonable
attorney's fees. Chapter 104 does not provide any similar remedy. We overrule Foxworth's fifth
point of error. Accordingly, we affirm the trial court's judgment.



 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Affirmed

Filed: January 19, 1994

Do Not Publish

1.   Unless otherwise provided, all citations to the Unemployment Compensation Act in
this opinion are to the current Labor Code rather than the former law because the recent
codification did not substantively change the law. Labor Code, 73rd Leg., R.S., ch. 269,
§ 6, 1993 Tex. Gen. Laws 987, 1273 [hereinafter Labor Code].
2.   The 1989 amendment to section 12(b) provided: "This Act takes effect September 1,
1989, and applies only to the collection of contributions, penalties, and interest owed by
an employer determined by the [TEC] to be in default on or after that date. The
collection of contributions, penalties, and interest determined by the Commission to be
owed before that date is governed by the law in effect on the date that the contributions
become due, and that law is continued in effect for that purpose." Act of June 14, 1989,
71st Leg., R.S., ch. 468, § 2, 1989 Tex. Gen. Laws 1640, 1641 (Tex. Rev. Stat. Ann. art.
5221-12(b), since repealed and codified). We read this as saying that the delinquency or
default date of the owed contributions controls. The latest delinquency date on the State's
certificate in its original petition is 2/1/89. Therefore, the earlier procedural provision of
section 12(b) governs this appeal.
3.   Before codification, the definition was contained in section 17(g)(1) of article 5221b.
4.   See Tex. Employment Comm'n, Decisions of the Commission Involving the Tax
Liability of: C&H Transportation Company, Inc. (September 7, 1977); Moss Trucking
Company (TD 86-184-1086); and E & M Trucking, Inc. (TD 86-186-1086). These cases were
also attached to Foxworth's Amended Answer and Counterclaim filed in the district court.