## FALLS COUNTY v. MIRES.

### No. 2841.

Court of Civil Appeals of Texas. Waco.

Feb. 10, 1949.

Rehearing Denied March 17, 1949.

On Second Motion for Rehearing
March 25, 1949.

Sam Dollahite of Marlin, for appellant.
Prentice Oltorf, of Marlin, for appellee.

TIREY, Justice.

J. D. Mires brought this suit against Falls County for a balance claimed to be due him on his salary. The case was submitted to the court (non-jury) on an agreed statement of facts. The court entered judgment in behalf of plaintiff for $4000, as principal,

and $340, as interest and both parties have appealed from this decree.

We quote the pertinent parts of the agreed statement of facts:

"1. That plaintiff J. D. Mires, is the duly elected, qualified and acting County Treasurer of Falls County, and has held said office, by successive elections and qualifications, since the 1st day of January, 1936. * * *

"5. * * * 'January 13, 1936, recorded in Vol. 6, page 383: Motion made by A. L. Pittman, seconded by S. A. Davison and unanimously carried that the salaries of the respective officials known as fee officers under Art. 3912, as amended by the 44th Leg. [Vernon's Ann.Civ.St. art. 3912e], shall receive as their compensation for the year 1936 the following salaries to-wit: (after listing others) County Treasurer $900.00 per annum.'

"6. That since January 1, 1936, the defendant Falls County has paid to the plaintiff as his only compensation as County Treasurer the following amounts: In the year 1936, $900.00; in 1937, $900.00; in 1938, $900.00; in 1939, $900.00; in 1940, $900.00; in 1941, $900.00; in 1942, $900.00; in 1943, $1020.00; in 1944, $1080.00; in 1945, $1080.00; in 1946, $1240.00, and in the first four months of 1947, $520.00; an aggregate of $11,240.00. That during the last eight months of 1947 and the first three months of 1948, plaintiff has been paid the sum of $1833.25.

"7. That on the 30th day of April, 1947, the Commissioners Court of Falls County in session passed the following order, which was then entered in the Minutes of said court, in Vol. 8, page 16, and duly signed by the County Judge:

" 'Motion made, seconded and passed fixing the County. Treasurer's salary at the minimum amount as required by law, being the amount of $2000.00 per year. (It appearing that the Commissioners Court in setting the budget in 1946 had failed to set the salary of the Treasurer at the amount required, and declaring an emergency).'

\* \* \* \* \* \*

"10. That on the 29th of September, 1947, the plaintiff tendered to the County Auditor for auditing a written claim for the sum of $11,426.64, besides interest at the legal rate on the arrearages of salary claimed from the times same should have been made; the principal claimed being the difference between the total payments made to plaintiff as set out in paragraph 6 above and the $2000.00 per year which he claimed he was entitled to since January 1, 1936, under the Salary Act of 1935, and being the claim upon which this suit is based. That the County Auditor considered that there was no function for him to perform in connection with said claim, and plaintiff's attorney accordingly on said date presented said claim directly to the Commissioners Court in legal session, and said claim was taken under advisement by the Court and so held until the 30th day of December, 1947, when the court entered and order rejecting said claim, following which this suit was filed. That the claim so presented to the Commissioners Court included the following statement:

" 'Under the rules of law relating to the application of payments claimant says that by operation of law all payments received on his compensation have been applied as made to the oldest arrearages in the order received but whether so applied by operation of law or not, claimant has and does elect to so apply such payments.'

\* \* \* \* \* \*

"12. It is agreed that defendant pleads limitation to all claims arising prior to two years before September 29, 1947."

Falls County's points Nos. 1, 2 and 3 assail the judgment entered substantially on the ground that the court erred in holding that all payments made to appellee by Falls County for two years prior to September 29, 1947 should be applied to the oldest arrearages, leaving no credits on appellee's compensation for two years prior to such date. We sustain this contention.

■■■■ The stipulations in effect provide that the population of the county and receipts and disbursements of the office of Treasurer were sufficient during the year of 1935 to require the payment of a salary of $2000 per year to the Treasurer from and after January 1, 1936, under the provisions of the General Officer's Salary Act of 1935. The trial court held in effect that any order

of the Commissioners Court fixing the Treasurer's salary for the year beginning January 1, 1936 at less then $2000 was invalid: We have no quarrel with plaintiff's position in this respect, but we do not think it is applicable and controlling here. What is important for us to consider is that on February 13, 1933 the Commissioners Court entered an order which provided in effect that the salary of the County Treasurer be set at $65 per month, and on June 10, 1935 the Commissioners Court entered another order to the effect that the County Treasurer's salary was raised $10 per month, making the salary of such Treasurer $75 per month under orders of the Commissioners Court. Thus we have a factual situation where the duly elected and qualified County Treasurer is entitled to $2000 per year payable monthly and the Commissioners Court fixing his salary at less than the salary he is entitled to as a matter of law and paying it to him in monthly installments and the County Treasurer accepting the same. It is agreed that plaintiff was paid $900 per year for the years 1936 to 1942 inclusive; in 1943, $1020 per year; in 1944, $1080; in 1945, $1080; in 1946, $1240; the first four months of 1947, $520; and during the last eight months of 1947 and the first three months of 1948 he was paid the sum of $1833.25. Under the record made, the County Treasurer made no legal complaint to the Commissioners Court of Falls County for its failure to pay him the salary he was entitled to as a matter of law until he filed his claim on September 29, 1947 for the sum of $11,426.64, and for legal interest, which sum he claimed was due and owing him after giving credit for the monthly payments made to him during the time he had held office. It is clear to us that Treasurer Mires did not have to accept a lesser salary than he was entitled to as a matter of law, but it is equally clear to us that since he did accept such salary monthly as provided by the Commissioners Court, he must, as a matter of law, apply such salary to the months in which he received the same, unless he protested the same and filed his claim for the unpaid portion thereof before limitation barred the same. The orders of the Commissioners Court fixing his salary at a monthly sum to be paid monthly leaves no room for speculation in this behalf. "The fundamental rule that controls the application of payments by the court is to give effect to the intention or supposed intention of the parties." 32 T. J. sec. 29, p. 684. See also 32 T. J. sec. 27, p. 675. That rule is general as well as fundamental, but we think that it is applicable to the exact situation here. Since the Commissioners Court fixed the salary to be paid the Treasurer in monthly payments and paid the same to the Treasurer in monthly payments for each year in which the Treasurer received the same, we think there is no doubt that it was the intention of the Commissioners Court that payments were made to the Treasurer for the specific months they were paid to him. Since the Treasurer received the payments pursuant to the orders passed by the Commissioners Court without making any legal protest to the same, he cannot apply them differently at this late date. Our view is that since the parties made the application of the payments as and when made, the court cannot change it. See City National Bank v. Eastland County, Tex. Civ.App., 12 S.W.2d 662, page 672, point 25.

Falls County has pleaded Article 5526, Vernon's Ann.Civ.Stats., generally known as our two year statute of limitations. We think it is applicable here; and since it was pleaded, it is our duty to apply it, notwithstanding we think it works a hardship on plaintiff. Under our system of jurisprudence, all of us are charged with the knowledge of the statutory provisions of our law, and plaintiff Mires was charged, as a matter of law, that he was entitled to receive the sum of $2000 per year as County Treasurer when he took office on January 1, 1936. He also had actual knowledge of the fact that the Commissioners Court was paying him less salary than he was entitled to receive, beginning with his first monthly payment, and since he had knowledge of these facts, the foregoing statute of limitations began to operate against him at the time he received his first payment. Under the record here made, he made no legal attempt to toll this statute until he filed his claim on September 29, 1947. We are of the opinion that limitation began to run in favor of Falls County from the time such claim as the Treasurer had against it ma-

tured, and we think that the Treasurer had a claim against Falls County when it failed to pay him all of the monthly salary that he was entitled to for the month of January, 1936; and the same rule applies to the deficiency payments thereafter made by Falls County to the Treasurer. The above article of the statute and the application of the same is discussed in Stegall, Sheriff v. McLennan County, Tex.Civ.App., 144 S.W.2d 1111. See also authorities collated in this case.

■ But appellee contends that the court erred in not finding that the written order on the 30th day of April, 1947, by the Commissioners Court of Falls County was sufficient acknowledgment of the justness of plaintiff's claim to bring it within the terms of Art. 5539, Vernon's Ann.Civ.Stats. The order referred to provided: "Motion made, seconded and passed fixing the County Treasurer's salary at the minimum amount as required by law, being in the amount of $2000.00 per year. (It appearing that the Commissioners Court in setting the budget in 1946 had failed to set the salary of the Treasurer as the amount required, and declaring an emergency)." Article 5539 aforesaid provides: "When an action may appear to be barred by a law of limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby." Plaintiff contends in effect that the foregoing order of the Commissioners Court was sufficient, under the above statute, to remove the bar of limitation of plaintiff's claim beginning with the year 1936 and extending down to and including 1946. We cannot agree with this contention. Our view is that the above order is not such an unequivocal acknowledgment of the indebtedness, or an unqualified promise to pay it, which will imply such an acknowledgment as contemplated by the foregoing statute. See cases collated in Metropolitan Casualty Ins. Co. v. Davis, Tex.Civ.App., 174 S.W.2d 84, page 85, points 1-4. The order under consideration is only an acknowledgment of the county's obligation for the year 1947. Much has been written on the application of the above statute, and we think the leading cases have been collated in Metropolitan Casualty Ins. Co. v. Davis, supra.

■ Since plaintiff filed his claim on September 29, 1947, he has a right to go back for his unpaid salary for a period of two years, which would take him back to September, 1945, and since monthly salaries for state and county officers are not paid until the end of the month, we hold that plaintiff is entitled to recover the unpaid portion of his salary for the month of September, 1945, with legal interest, and for each succeeding month thereafter. From the agreed statement of facts, we cannot calculate the exact amount of unpaid salary and interest that is now due and owing to the plaintiff Mires. Accordingly, the judgment of the trial court will be reversed and remanded with instructions to the trial court to compute the amount of unpaid salary due plaintiff Mires, beginning with the month of September, 1945, down to and including December, 1948, with legal interest from maturity of the payments, and enter judgment accordingly. Art. 5069 Vernon's Ann.Civ. Stats.; Presidio County v. Walker, 29 Tex. Civ.App. 609, 69 S.W. 97, page 100, writ den.

■ Under the foregoing circumstances, we think it would be proper to charge the costs of this appeal against Falls County, and accordingly the costs of this appeal, as well as the costs incurred on this final order to be rendered by the trial court, shall be taxed against Falls County. See Rule 448, Texas Rules of Civil Procedure, and cases collated in Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S.W.2d 936, point 10.

The judgment of the trial court is reversed and remanded with instructions.

On Appellee's Second Motion for Rehearing.

Appellee has tendered his second motion for rehearing, which we have permitted him to file, and said motion in part avers that we erred in our former opinion in that we held that the data was insufficient to enable this court to calculate the amount of principal and interest due appellee J. D. Mires under the judgment rendered by this court, and in this motion sets out that the sum due and owing J. D. Mires at the date the judgment was ren-

dered in the trial court is the sum of $1,373.78. Appellant Falls County agrees to such compilation and says the same is correct.

Accordingly, that part of the judgment heretofore entered by this court on February 10, 1949, reversing and remanding the cause to the trial court to ascertain the amount due and owing appellee J. D. Mires under the judgment rendered by this court, is set aside, and judgment is here rendered in behalf of appellee J. D. Mires against Falls County for the sum of $1,373.78, being the amount due and owing J. D. Mires under this court's judgment at the date judgment was entered in the trial court, and said Mires shall be allowed to have legal interest on said sum from the date judgment was rendered in the trial court.

Therefore, appellee's motion is granted in the above respect, and in all other respects same is overruled.