

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WAGGONER CARR
ATTORNEY GENERAL

October 20, 1965

Honorable W. C. Lindsey
Criminal District Attorney
Jefferson County
Beaumont, Texas

Opinion No. C-531

Re: Compensation of the
County Auditor

Dear Mr. Lindsey:

You have requested the opinion of this office regarding the following questions:

> (1) What is the maximum compensation for the Jefferson County Auditor that may be determined by the District Judges for services rendered the county?

> (2) What is the minimum compensation that the Commissioners Court may determine for services rendered /by the County Auditor to/ the various Special Districts of the county?

> (3) Is the County Auditor entitled to back pay if the compensation he received is less than the minimum so determined?

> (4) If the answer to Question (3) is in the affirmative, how far back should the back pay be computed?

With regard to Question (1), Article 1645, Vernon's Civil Statutes, reads in part as follows:

> ". . . and who shall receive as compensation for his services an annual salary from the County General Fund of not more than the amount allowed or paid the Assessor-Collector of Taxes in his county, such salary of the County Auditor to be fixed and determined by the District Judge or District Judges making such appointment and having jurisdiction in the county, . . ."

You advise us that the Jefferson County Tax Assessor-Collector is presently receiving the sum of $15,000 as annual salary, this sum being established from two sources:

    a)   $12,000 as maximum base pay under Article 3883i, Sec. 3, Vernon's Civil Statutes

    b)   $3,000 per annum as additional salary for handling Certificates of Title, under Article 1436-1, Sec. 57, Vernon's Penal Code

The combination of the two sums above produce a total of $15,000, and it is the opinion of this office that, pursuant to Article 1645, Vernon's Civil Statutes, the sum of $15,000 is the maximum annual compensation that may be allowed to the County Auditor by the District Judges having jurisdiction in Jefferson County. As a note, we must observe that Article 3883i, Vernon's Civil Statutes, has recently been amended by Acts, 59th Legislature, Chapter 680, page 1569. Such amendment authorizes a 20% increase in the salary of all county officials, and in the event the Jefferson County Tax Assessor-Collector receives such a 20% salary increase, the maximum amount then authorized for the County Auditor would be $17,400.

    With regard to Question (2), Article 1672, Vernon's Civil Statutes, is quoted in part:

    "The county auditor shall receive for his services in auditing the affairs of such districts, such compensation as the commissioners court may prescribe, which shall be paid by the county out of the general fund and repaid to the county by such districts by warrants drawn upon the proper funds of such district. In such counties which have or may have as many as five such districts, the compensation allowed the county auditor for his services on behalf of such districts shall be not less than the sum of twelve hundred dollars per annum, . . ." (Emphasis supplied)

You advise us that Jefferson County has the following Special Districts, which are now and have been, audited by the County Auditor:

    Beaumont Navigation District
    Drainage District No. 3
    Drainage District No. 6
    Drainage District No. 7
    Mosquito Control District

Therefore, according to the terms of Article 1672, quoted above, the answer to your Question (2) is that the minimum compensation that the Commissioners Court may determine for services rendered the various Special Districts in Jefferson County is $1,200.

We now turn to your Question (3), wherein you inquire about the Auditor's entitlement to back pay if the compensation he received is less than the minimum determined in Question (2). In connection with this question, you submitted a set of facts having to do with an order of the Jefferson County Commissioners Court in June, 1946. This order established a $1,200 annual salary payment to the County Auditor for his services in handling five Special Districts that were then in operation in Jefferson County. However, no payments to the County Auditor were ever made. According to Attorney General's Opinion No. V-1522 (1952), payments under Article 1672, Vernon's Civil Statutes, are salary, and not fees of office. Consequently, the Auditor would be entitled to back salary payments if the salary that he actually received was below the minimums established by law.

In reply to your Question (4), it is the opinion of this office that the Jefferson County Auditor is entitled to all of his back salary, subject to the Commissioners Court waiving the affirmative defense of the two year statute of limitation. Falls County vs. Mires, 218 S.W.2d 491 (Tex.Civ.App. 1949, error ref.); Travis County vs. Mathews, 235 S.W.2d 691 (Tex.Civ.App. 1950, error ref., n.r.e.); Attorney General's Opinion No. V-1230, which is enclosed herewith.

We express our appreciation for the able brief filed by your office in connection with this opinion request.

### S U M M A R Y

The present maximum compensation for the Jefferson County Auditor that may be set by the District Judges is $15,000, and such maximum is subject to an increase to $17,400, in accordance with Acts, 59th Legislature, 1965, Chap. 680, p. 1569.

The minimum compensation that the Commissioners Court may determine for services rendered the various Special Districts of Jefferson *County* is $1,200, under the facts submitted.

The County Auditor is entitled to back pay if the compensation he actually received is less

than the minimum so determined above.

The County Auditor's claim to back pay is subject to the two-year statute of limitations, Article 5526, V.C.S.

Yours very truly,

WAGGONER CARR
Attorney General

By _Malcolm L. Quick_

Malcolm L. Quick
Assistant

MLQ:ms

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman
John Reeves
Tom Routt
Ben Harrison
Gordon Cass

APPROVED FOR THE ATTORNEY GENERAL
By:  T. B  Wright