

# THE ATTORNEY GENERAL
# OF TEXAS

February 26, 1987

JIM MATTOX
ATTORNEY GENERAL

Mr. Marvin J. Titzman                    Opinion No. JM-639
Executive Director
Texas Surplus Property Agency            Re:  Whether members of the Texas
P. O. Box 8120                           Surplus Property Agency Board are
San Antonio, Texas    78208              eligible to participate in the
                                         Employees Retirement System

Dear Mr. Titzman:

You ask whether a member of the Texas Surplus Property Agency Board is eligible to earn retirement service credit with the Employees Retirement System under the provisions of section 23.502, Title 110B, V.T.C.S.  Before we can address your question, we must set out background information about the Teachers Retirement System, the Employees Retirement System, and the Texas Surplus Property Agency.

The Teachers Retirement System [TRS] was established in 1937. Acts 1937, 45th Leg., ch. 470, at 1178.  At that time the membership of the TRS consisted of all salaried teachers employed by a board or agency of an educational institution or organization supported by the state.  Id. at 1178-81. In 1949 the membership of the TRS was expanded to include all salaried employees of educational organizations.  Acts 1949, 51st Leg., ch. 139, at 244, 247-48.  The statutes governing the TRS are now codified in Title 110B, sections 31.001 through 36.204, V.T.C.S.  Unpaid members of administrative boards have never been included in the membership of the TRS.

The Employees Retirement System [ERS] was established in 1947. Acts 1947, 50th Leg., ch. 352, at 697.  Its membership consisted of any "regularly appointed officer or employee in a department of the State" who was employed on a basis or in a position normally requiring not less than 900 hours a year.  Id.  Members of other public retirement systems, including the TRS, were expressly excluded from membership in the ERS.  Id. at 697, 699.

In 1971 the ERS statute was amended to include a provision that allowed unpaid administrative board members to claim service credit with the ERS for

> [s]ervice as a Board Member of a statutory Texas
> State department, agency, or commission having
> statewide jurisdiction, the employees of which,
> under requirements of law, are members of the
> Employees Retirement System; provided that such
> service was not in a full time salaried position

> but was subject to confirmation by the Senate of
> Texas.

Acts 1971, 62nd Leg., ch. 355, §1, at 1332, codified as art. 6228a, §4H.2. The amount of the contribution to be made by an eligible board member was based on the salary paid to the chief executive officer of the relevant department during the time for which the board member claimed credit. Id.

In 1977 the legislature amended the ERS statutes so that administrative board members were no longer permitted to establish service credit with the ERS. Board members who were already contributing to the ERS, however, were allowed to continue doing so. The 1977 legislation provided

> that any member of an administrative board of a statutory state department, agency, or commission as defined in Section 4H.2 [the 1971 legislation set out above] of this Act may, on or before December 31, 1977, become a contributing member of the Employees Retirement System of Texas and <u>only persons who establish retirement credit for board service during December, 1977, may continue to establish credit for subsequent, continuous board service</u> in the manner prescribed by that section and purchase his previous service in accordance with the terms of this Act. (Emphasis added).

Acts 1977, 65th Leg., ch. 279, at 746. When the ERS statutes were recodified as part of Title 110B in 1981, the provision set out above was recodified in the following form:

> (a) A member who established during December, 1977, service credit for administrative board service performed during that month, may:
>
> > (1) remain a contributing member of the retirement system accruing service credit in the employee class for continuous service on an eligible board; and
> >
> > (2) establish service credit for previous service on an eligible board.
>
> (b) Contributions for administrative board service are computed on the basis of the highest salary paid during the time for which credit is sought to an officer or employee of the agency, commission, or department on whose board the member serves.

V.T.C.S. Title 110B, Public Retirement Systems, §23.502. Because your question requires careful analysis of the 1977 amendment to the ERS

statutes, we will refer to the original language of the 1977 amendment rather than the language as recodified at Title 110B, section 23.502. See Title 110B, §1.001(a) (recodification is not intended to make a substantive change in the law).

Your question involves a person who established administrative board service during December 1977 as a member of the Veterans Affairs Commission and who in 1985, without a break in administrative board service, became a board member of the Surplus Property Agency. You ask whether this person is eligible to remain a contributing member of the ERS under the 1977 amendment to the ERS statutes. Before we can address that issue we must explain the unusual history of the Surplus Property Agency.

The Surplus Property Agency was created in December 1945 by Governor Coke Stevenson. Letter from Governor Coke Stevenson to Dr. J.W. Studebaker of the Federal Security Agency (Dec. 18, 1945), letters of Gov. Coke Stevenson, Texas State Archives. Governor Stevenson created the agency in response to a request from the federal government that Texas name a state agency to receive surplus war property from the federal government. Id. Apparently the governor relied on a 1943 statute that gave the governor war emergency powers as his authority for creating such an agency. Acts 1943, 48th Leg., ch. 142, at 223 (an act for the organization and coordination of defense activities in Texas); see also Tex. S. Con. Res. 33, Acts 1949, 51st Leg., Tex. S. Con. Res. 33, at 1392 (stating that the governor set up the Surplus Property Agency under his war emergency powers).

In 1949 the legislature passed a joint resolution requesting the governor to continue the Surplus Property Agency for the benefit of the state's schools and institutions of higher education. Acts 1943, 48th Leg., ch. 142, at 223. The legislature adopted similar resolutions at every subsequent regular session of the legislature through 1969. Acts 1951, 52nd Leg., H.R. Con. Res. 66, at 1579 (broadening the beneficiaries of the donable property program to include public health institutions); Acts 1953, 53rd Leg., H.R. Con. Res. 110, at 1151; Acts 1955, 54th Leg., H.R. Con. Res. 101, at 1781; Acts 1957, 55th Leg., H.R. Con. Res. 46, at 1587; Acts 1959, 56th Leg., H.R. Con. Res. 81, at 1204; Acts 1961, 57th Leg., S.Con. Res. 29, at 1202; Acts 1963, 58th Leg., S. Con. Res. 12, at 1690; Acts 1965, 59th Leg., S. Con. Res. 7, at 1969; Acts 1967, 60th Leg., H.R. Con. Res. 97, at 2914; Acts 1969, 61st Leg., H.R. Con. Res. 24, at 3115. See Terrell Wells Swimming Pool v. Rodriguez, 182 S.W.2d 824, 826 (Tex. Civ. App. - San Antonio 1944, no writ) (a concurrent resolution does not have the effect of a statute).

In 1971 the legislature enacted a statute "establishing" the Surplus Property Agency. Acts 1971, 62nd Leg., ch. 32, at 59, codified at art. 6252-6b, V.T.C.S. A letter from the TRS informs us that before 1971 the Surplus Property Agency was treated as a part of the Texas Education Agency and that employees of the Surplus Property

Agency were members of the TRS. When the Surplus Property Agency became a statutory state agency in 1971, its employees continued to be covered by the TRS even though employees of the Surplus Property Agency no longer met the statutory requirements for membership in the TRS. See V.T.C.S. Title 110B, §32.001 (membership of TRS).

We think that the legislature, by failing to act, has by now acquiesced in the treatment of Surplus Property Agency employees as members of the TRS even though Surplus Property Agency employees do not meet statutory requirements for membership in the TRS. See Associated Indemnity Corp. v. Oil Well Drilling Co., 258 S.W.2d 523, 529 (Tex. Civ. App. - Dallas 1953), aff'd, 264 S.W.2d 697 (Tex. 1954) (courts inclined to accept administrative agency's interpretation of statute if accepted over long period of time without challenge). Your question, however, involves the status of a member of the Surplus Property Agency Board rather than an employee of the Surplus Property Agency. The TRS has properly told the board member in question that it cannot accept a contribution from him because unpaid administrative board members do not belong to the TRS. The ERS has refused to accept a contribution from him and has stated that only members of administrative boards whose employees are members of the ERS are eligible to contribute to the ERS under section 23.502 of Title 110B. To determine whether the ERS has properly refused to accept a contribution from the board member in question we must carefully examine the 1971 and 1977 amendments to the ERS statutes.

After December 1977 an administrative board member could continue to contribute to the ERS only if he was on the board of "a statutory state department, agency, or commission" as defined in the 1971 amendment. To be a member of a board of a state agency as defined in the 1971 amendment one would have to (1) serve as a member of a "statutory" state agency; (2) serve in a position that was not a full-time salaried position; (3) serve in a position that required confirmation by the senate; and (4) serve with a board "the employees of which, under requirements of law, are members of the Employees Retirement System." See Acts 1971, 62nd Leg., ch. 355, at 1331.

A member of the Surplus Property Agency board meets the first three of those four requirements. Two months before the effective date of the 1971 amendment to the ERS statutes the Surplus Property Agency became a "statutory State board." See Acts 1971, 62nd Leg., ch. 32, at 59, eff. March 19, 1971 (establishing the Surplus Property Agency); Acts 1971, 62nd Leg., ch. 355, at 1331, eff. May 25, 1971 (allowing ERS service credit for administrative board service). Also, Surplus Property Agency Board members serve without pay and are subject to confirmation by the Senate. V.T.C.S. art. 6252-6b, §1; see also Attorney General Opinion H-1221 (1978) (construing article 6228a, §4H.2).

The fourth requirement poses a more difficult problem. To meet that requirement a board member must serve with a board "the employees of which, under requirements of law, are members of the Employees

Retirement System." The employees of the Surplus Property Agency are not and have never been members of the ERS. An examination of the statutes and relevant legal authorities, however, would lead one to the conclusion that Surplus Property Agency employees are members of the ERS "under requirements of law."

The law provides that, except for members of the TRS (with other exceptions not applicable here), all state employees are members of the ERS. Title 110B, §22.003. By statute, the membership of the TRS consists of employees of boards and agencies of state educational institutions and organizations. Nothing in the Surplus Property Agency's statute makes it an educational organization. Thus, the law appears to require that employees of the Surplus Property Agency be members of the ERS. Furthermore, there is no statute or legal decision that would put someone on notice that employees of the Surplus Property Agency are members of the TRS rather than the ERS. See Falls County v. Mires, 218 S.W.2d 491, 494 (Tex. Civ. App. - Waco 1949, writ ref'd) (everyone is presumed to know statutes). Therefore, because under the law as written, employees of the Surplus Property Agency should be members of the ERS, we think that the board member you ask about comes within the scope of the 1977 amendment and that the ERS must continue to accept contributions from him.

Also, the 1977 amendment to the ERS statutes allows administrative board members to make contributions after December 1977 only for "subsequent, continuous board service." Acts 1977, 65th Leg., ch. 279, at 746. The board member in question has served on two different boards, but since 1977 he has been a member at all times of some administrative board. It has been suggested that "continuous board service" should be read to mean continuous service on a particular board, rather than unbroken service on a board or boards. The phrase is indeed ambiguous; however, because the legislature could have easily required "continuous service on the same board," we conclude that "subsequent, continuous service" should be construed to mean unbroken administrative board service, whether the service is with one board or more than one.

## S U M M A R Y

The Employees Retirement System must allow a person who since 1977 has served without interruption on the Veterans Affairs Commission and the Surplus Property Agency Board to establish service credit with the ERS under Title 110B, section 23.502, V.T.C.S.

Very truly yours,

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Sarah Woelk
Assistant Attorney General