OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS



February 17, 2000

The Honorable Ben W. "Bud" Childers
Fort Bend County Attorney
301 Jackson, Suite 621
Richmond, Texas 77469-3108

Opinion No. JC-0182

Re: Whether, under *Falls County v. Mires*, 218 S.W.2d 491 (Tex. Civ. App.–Waco 1949, writ ref'd), the two-year statute of limitations bars county court at law judges' claims for unpaid annual salaries going back more than two years (RQ-0116-JC)

Dear Mr. Childers:

Section 16.004 of the Civil Practice and Remedies Code establishes a four-year limitations period for all causes of action based on "debt." *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (Vernon Supp. 2000). In *Falls County v. Mires*, 218 S.W.2d 491 (Tex. Civ. App.–Waco 1949, writ ref'd), the Texas Court of Civil Appeals applied the two-year statute of limitations, applicable to debt not evidenced by a written contract, to an action by a county treasurer to recover unpaid salary, where the county had raised the statute of limitations as an affirmative defense. *See id.* at 494-95. You ask whether the two-year statute of limitations applied in *Mires*, now section 16.003 of the Civil Practice and Remedies Code, *see* TEX. CIV. PRAC. & REM CODE ANN. § 16.003(a) (Vernon Supp. 2000), bars a claim by three county court at law judges for underpayment of annual salary longer than two years ago. *See* Letter from Portia Poindexter, First Assistant, Fort Bend County Attorney, to Honorable John Cornyn, Attorney General (Aug. 31, 1999) (on file with Opinion Committee) [hereinafter "Request Letter"].

Your question raises two issues: first, whether a statute of limitations *bars* the judges from filing claims for the entire sums due them, regardless of the date the claims accrued; and second, whether a two-year or four-year statute of limitations applies. We conclude first that a statute of limitations does not bar the judges' claims; rather, the county must raise the statute of limitations as an affirmative defense if the county wishes a court to apply it. We conclude second that the applicable statute of limitations is the four-year statute set forth in section 16.004 of the Civil Practice and Remedies Code, rather than the two-year statute set forth in section 16.003 of the same code. To the extent *Mires* determines that a two-year statute of limitations may be raised as an affirmative defense in an action for back pay, statutory amendments have superseded the case.

An audit revealed that the three Fort Bend County Court at Law Judges were paid not on an annual basis but on an hourly basis for several years, although the county budgeted the correct salary

each year. *See id.* at 1. The Independent Accountants' Report calculates the salaries the judges should have received from the date each judge initially took office until December 31, 1998. *See id.*; *see also* Null-Lairson, Certified Public Accountants, Independent Accountants' Report, to Ms. Kathy Hynson, Fort Bend County Treasurer (June 21, 1999) (on file with Opinion Committee). The Report indicates that Judge McMeans was undercompensated in the amount of $1,709.81 from January 1, 1987, through December 31, 1998; Judge Wagenbach was undercompensated in the amount of $3,296.39 from December 8, 1990, through December 31, 1998; and Judge Lowery was undercompensated in the amount of $5,094.57 from November 7, 1996, through December 31, 1998. *Id.* at 2.

Judge McMeans suggests that a statute of limitations prevents the judges from claiming more than four years' unpaid salaries. *See* Memorandum from Honorable Walter S. McMeans, Judge, County Court at Law No. 2, to Honorable Bud Childers, Fort Bend County Attorney (Aug. 12, 1999) (on file with Opinion Committee). Accordingly, you tell us, Judge McMeans believes that "the calculation of underpayment should begin no earlier than the beginning of his term [i]n January[] 1995." Request Letter, *supra*, at 1. As we explain below, the judge is correct in part.

Statutes of limitations are set forth in chapter 16 of the Civil Practice and Remedies Code. Section 16.003 sets forth a two-year limitations period on suits for injury to, conversion of, or the taking of personal property. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (Vernon Supp. 2000); *see also id.* §§ 16.0045(a), .010(a). Section 16.004 of the Civil Practice and Remedies Code establishes a four-year limitations period for causes of action for "debt." *See id.* § 16.004(1)(3).

*Falls County v. Mires*, which you cite, concludes that the two-year statute of limitations applied to a claim filed by the Falls County Treasurer to recover insufficient monthly salary from January 1, 1936, through September 29, 1947. *See Mires*, 218 S.W.2d at 493. Under the General Officers Salary Act of 1935, the treasurer should have received an annual salary of $2,000, but the commissioners court fixed the salary at considerably less than that for the years in question. *Id.* at 493-94. Nevertheless, the treasurer "made no legal complaint" to the Falls County Commissioners Court "for its failure to pay him the salary he was entitled to as a matter of law until he filed" on September 29, 1947, a claim for the sum of $11,426.64 plus interest. *Id.* at 494. Falls County argued that the two-year statute of limitations precluded the treasurer from recovering unpaid salary for more than two years prior to the time the treasurer made his claim. *Id.* The court agreed:

> Falls County has pleaded . . . our two year statute of limitations. We think it is applicable here; and since it was pleaded, it is our duty to apply it, notwithstanding we think it works a hardship on plaintiff. Under our system of jurisprudence, all of us are charged with the knowledge of the statutory provisions of our law, and plaintiff Mires was charged, as a matter of law, that he was entitled to receive the sum of $2000 per year as County Treasurer when he took office on January 1, 1936. He also had actual knowledge of the fact that the Commissioners Court was paying him less salary than he

> was entitled to receive, beginning with his first monthly payment, and since he had knowledge of these facts, the foregoing statute of limitations began to operate against him at the time he received his first payment.

*Id.*

We conclude first, consistently with *Mires*, that a statute of limitations does not bar the judges from recovering the full amount the county owes them unless the county raises a limitations statute as a defense. *See Mires*, 218 S.W.2d at 494 ("[S]ince it was pleaded, it is our duty to apply it."). A statute of limitations is an affirmative defense that must be asserted in response to a complaint if the defendant intends to take advantage of it. *See also* TEX. R. CIV. P. 94 (requiring party affirmatively to raise, "[i]n pleading to a preceding pleading," statute of limitations); *Woods v. William M. Mercer, Inc.*, 769 S.W.2d 515, 517 (Tex. 1988); *Southwestern Fire & Cas. Co. v. Larue*, 367 S.W.2d 162, 163 (Tex. 1963). If the county does not affirmatively plead the statute of limitations, it waives the defense, *see Franco v. Allstate Ins. Co.*, 505 S.W.2d 789, 793 (Tex. 1974); 50 TEX JUR. 3D *Limitation of Actions* § 164, at 634-35 (1986), and the judges may recover all of the unpaid salaries.

We conclude second that the four-year statute of limitations for causes of action based upon debt, *see* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004(a)(3) (Vernon Supp. 2000), applies to the judges' claims rather than the two-year statute of limitations applied in *Mires*. *See Mires*, 218 S.W.2d at 494. At the time *Mires* was decided, the statutes of limitations distinguished between actions for debt not evidenced by a written contract and those founded upon a written contract. The two-year statute of limitations applied to "[a]ctions for debt where the indebtedness is not evidenced by a contract in writing." *See* TEX. REV. CIV. STAT. ANN. art. 5526(4), *amended by* Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 1, art. 5526, 1979 Tex. Gen. Laws 1768, 1768, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322; *see also* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 16.003, 1985 Tex. Gen. Laws 3242, 3252 (codifying section 16.003 of the Civil Practice and Remedies Code). The four-year statute of limitations, on the other hand, applied to actions for debt only "where the indebtedness is evidenced by or founded upon" a written contract. *See* TEX. REV. CIV. STAT. ANN. art. 5527(1), *amended by* Act of May 27, 1979, 66th Leg., R.S., ch. 716, § 2, 1979 Tex. Gen. Laws 1768, 1769, *repealed by* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 9(1), 1985 Tex. Gen. Laws 3242, 3322; *see also* Act of May 17, 1985, 69th Leg., R.S., ch. 959, § 1, sec. 16.004(a)(3), 1985 Tex. Gen. Laws 3242, 3252 (codifying section 16.004 of the Civil Practice and Remedies Code). Thus, the *Mires* court applied the two-year statute of limitations because the county treasurer could not have been under contract with the county. *See Mires*, 218 S.W.2d at 494.

Now, all actions for debt fall within the four-year statute of limitations. Amendments to the two-year and four-year statutes of limitations in 1979, *see* Act of May 27, 1979, 66th Leg., R.S., ch. 716, §§ 1, 2, 1979 Tex. Gen. Laws 1768, 1768-69, "eliminated the former distinction between debts evidenced by a writing, which were governed by the four-year statute, and debts not evidenced by

a writing, which were governed by the two-year statute." *Mokwa v. City of Houston*, 741 S.W.2d 142, 149 (Tex. App.–Houston [1st Dist.] 1987, writ denied). A cause of action premised upon a county's statutory liability for back pay is an action for debt subject to section 16.004. *See id.* Consequently, the judges' causes of action may be limited by the four-year statute of limitations applicable to causes of action for debt rather than the two-year statute of limitations relied upon in *Mires*.

**S U M M A R Y**

A county that has paid county court at law judges less annual salary than that to which the judges are statutorily entitled may raise the four-year statute of limitations for causes of action based upon debt, *see* TEX. REV. CIV. PRAC. CODE ANN. § 16.004(a)(3) (Vernon Supp. 2000), as an affirmative defense to prevent the judges from collecting on claims more than four years old. The two-year statute of limitations applied in *Falls County v. Mires*, 218 S.W.2d 491 (Tex. Civ. App.–Waco 1949, writ ref'd), no longer applies to causes of action premised upon statutory liability for back pay.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Kymberly K. Oltrogge
Assistant Attorney General - Opinion Committee